OPINION *Page 2 
{¶ 1} On March 31, 2006, the Licking County Grand Jury indicted appellant, Adam Goodman, on one count of grand theft in violation of R.C. 2913.02. Said charge arose from an incident wherein appellant took four envelopes of money from his employer.
 {¶ 2} On May 26, 2006, the prosecuting attorney placed appellant in the Prosecutor's Diversion Program; therefore, appellant's case was placed in inactive status. On October 19, 2006, appellant's case was placed back on active status due to the fact that he had been unsuccessfully terminated from the diversion program.
 {¶ 3} On April 18, 2007, appellant pled no contest to the charge. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to three years of community control and thirty days in jail.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO THE FAILURE OF COUNSEL TO REQUEST A HEARING ON APPELLANT'S TERMINATION FROM THE PROSECUTOR'S PRETRIAL DIVERSION PROGRAM."
 I {¶ 6} Appellant claims his trial counsel was ineffective because his counsel failed to request a hearing on his termination from the Prosecutor's Diversion Program. We disagree. *Page 3 
 {¶ 7} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 8} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 9} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 10} R.C. 2935.36 governs pretrial diversion program. Subsection (D) states the following:
 {¶ 11} "(D) If the accused satisfactorily completes the diversion program, the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges. If the accused chooses not to enter the prosecuting attorney's diversion program, or if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law, and the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation." *Page 4 
 {¶ 12} Appellant argues his trial counsel was ineffective by allowing him to enter a plea, thereby forestalling any challenge to his termination from the pretrial diversion program. In support of his argument, appellant cites the case of State v. Sneed (January 8, 1986), Montgomery App. No. CA 8837, wherein our brethren from the Second District held the following:
 {¶ 13} "Consistent with the opinion in the Mosquito case, supra, we agree that the statute [R.C. 2935.36] and a requirement of a hearing, if requested, on the issue of termination from a pretrial diversion program does not impinge upon the doctrine of separation of powers. The expediency of divesting those accused or charged with crime, who are invariably eligible for probation, is a legislative decision of a social nature. While some from (sic) upon the intertwining of judicial and executive duties that impose still more obligations upon the already crowded courts, such legislation is constitutional."
 {¶ 14} The Sneed case is in conflict with a decision from this court in Village of Ontario v. Shoenfelt (July 30, 1985), Richland App. No. CA 2302, wherein this court held the following:
 {¶ 15} "In our view, the constitutional principle of separation of powers places the authority to decide whether to proceed with criminal prosecution exclusively within the power of the prosecuting attorney. This, of course, is a separate matter from the trial court's power to schedule cases and control its docket. That issue is not involved here.
 {¶ 16} "The legislature, we think, recognized that constitutional principle when in R.C. 2935.36, it made general provision for diversionary programs and authorized them to be established by the prosecuting attorney. See also R.C. 2935.36(D) making the *Page 5 
courts right to dismiss subject to the prosecutor's recommendation. In our view, any statute to the contrary would be unconstitutional."
 {¶ 17} We find this decision is consistent with the overall general principles of diversion programs. Within the Adult Court Services Department Pre-Trial Diversion Unit, Unsuccessful Termination regulations, attached to the state's motion to supplement the record as Exhibit 1, termination from the program does not warrant a hearing:
 {¶ 18} "Diversion is a quasi-probation status with no formal adjudication of guilt or innocence. Therefore, the defendant has no right to a formal revocation hearing. If the Diversion Officer alleges that the defendant has violated any of the conditions of the agreement or the terms of the stipulation, a written report outlining those violations will be given to the defendant, defense attorney and the prosecuting attorney. The defendant will be given an opportunity to respond in writing to those violations. He has two (2) weeks from the date of the termination letter to respond.
 {¶ 19} "The written report and the defendant's response will be reviewed by the Director of Adult Court Services Department who will decide whether unsuccessful termination is appropriate. The prosecuting attorney will give final approval for the unsuccessful termination and may review the violations as to any factual inaccuracies. If the defendant is unsuccessfully terminated, the case will be scheduled for arraignment and the waivers previously executed continue to be valid up to the first scheduled trial date after the defendant is unsuccessfully terminated from the program."
 {¶ 20} The program itself by definition constitutes "quasi-probation status," and is defined as "an alternative to traditional prosecution of certain adult offenders." See, *Page 6 
Adult Court Services Department Pre-Trial Diversion Unit, Diversion Component Goals and Objectives. We find the program's regulations are similar to the executive discretion given the state via its prosecution powers to determine prosecution and indictment. To permit a trial court, which merely performs an administrative function in the program, to cross over the line and determine successful completion at termination would blur the line between the judicial and executive branches.
 {¶ 21} In addition, we find appellant cannot fulfill the second prong of Bradley. There is no evidence to demonstrate a hearing would have resulted in a different outcome.
 {¶ 22} Given this court's clear direction in Village of Ontario and the lack of any evidence supporting a different outcome, we find no violation of appellant's constitutional right to effective assistance of trial counsel.
 {¶ 23} The sole assignment of error is denied.
 {¶ 24} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, P.J. Gwin, J. and Wise, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant. *Page 1