[Cite as *State v. Davis*, 2013-Ohio-3966.]

STATE OF OHIO      )            IN THE COURT OF APPEALS
                )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

STATE OF OHIO                     C.A. No.       12CA010272

      Appellant

      v.                               APPEAL FROM JUDGMENT
                                   ENTERED IN THE
PETER D. DAVIS                 COURT OF COMMON PLEAS
                                   COUNTY OF LORAIN, OHIO
      Appellee                 CASE No.      10CR081845

DECISION AND JOURNAL ENTRY

Dated: September 16, 2013

HENSAL, Judge.

{¶1} The State of Ohio appeals a judgment of the Lorain County Court of Common Pleas that dismissed the criminal charges pending against Peter Davis. For the following reasons, this Court affirms.

I.

{¶2} On December 2, 2010, the Lorain County Grand Jury indicted Mr. Davis on two counts of theft and one count of passing bad checks, all felonies of the fourth degree. After initially pleading not guilty to the charges, Mr. Davis filed a "motion for diversion" on May 25, 2011. The trial court subsequently ordered the Adult Parole Authority to conduct a preliminary investigation and report. The State filed a memorandum in opposition to the motion on May 31, 2011, and Mr. Davis replied thereto.

{¶3} On August 19, 2011, the trial court held a hearing on Mr. Davis's motion. At the conclusion of the hearing, the trial court granted his request. In order to be admitted to the

diversion program, Mr. Davis entered guilty pleas to the charges in the indictment. The trial court informed him that, under the program, he would be subject to supervision for one year. It also informed him that he would be required to pay restitution and refrain from committing any crimes or engaging in drug or alcohol use for one year. That same day, the trial court issued an order indicating that Mr. Davis had entered a plea of guilty to the charges in the indictment and that the trial court accepted his application to the "Lorain County Court of Common Pleas Diversion Program." Just over a year later, on September 6, 2012, the trial court issued a journal entry dismissing the complaint on the basis that Mr. Davis had successfully completed the program. The State filed a timely notice of appeal. It has raised two assignments of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED DAVIS'[S] INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM [SO AS] TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶4} In its first assignment of error, the State argues that the trial court improperly dismissed the indictment based on Mr. Davis's completion of the court's diversion program. According to the State, the Lorain County common pleas court did not have authority to create a diversion program. In its second assignment of error, the State contends that the trial court's

diversion program violates the separation of powers doctrine as it removes an essential party from a criminal proceeding.

{¶5} This Court recently confronted a similar challenge to the "Lorain County Court of Common Pleas Diversion Program" in *State v. Wagner*, 9th Dist. Lorain No. 12CA010199, 2013-Ohio-2036. In *Wagner*, the State raised assignments of error identical to those raised in the instant appeal. In overruling the first assignment of error, this Court noted that, while the State argued that only a prosecuting attorney has authority to establish a pretrial diversion program pursuant to Revised Code Section 2935.36, the trial court had not purported to act under the authority of that statute. Rather, the trial court cited the intervention in lieu of conviction statute, Section 2951.041, as the authority for its actions. *Id*. at ¶ 4-5. In regard to the constitutional challenge, this Court further concluded that because the State had not challenged the constitutional validity of Section 2951.041, it had forfeited that issue. *Id*. at ¶ 7.

{¶6} Here, as in *Wagner*, there is nothing in the record to suggest that the trial court relied on the authority of Section 2935.36 in creating the alleged diversion program. While the State argues that the court did not have statutory authority to create a diversion program, its merit brief is devoid of any discussion regarding whether the trial court's actions constituted intervention in lieu of conviction pursuant to Section 2951.041. Moreover, the record before this Court does not contain any documentation detailing the alleged diversion program, the process by which the program was created, or the terms under which the program is administered. *Wagner* at ¶ 9 (Whitmore, J., concurring in judgment only). Accordingly, even though the State objected on the record to Mr. Davis being permitted to participate in a pretrial diversion program, under the circumstances of the instant appeal, where the record does not contain any detail regarding the allegedly unlawful diversion program, this Court cannot review the validity

of the program or, consequently, the merits of the State's assignments of error. *Id*. The State's assignments of error are overruled.

### III.

**{¶7}** Based on the record that is before this Court, we are unable to review the merits of the State's arguments. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶8} I agree with the majority's conclusion that without details of the pretrial diversion program we cannot review its validity. However, I write separately to clarify that any analysis of R.C. 2951.041 is unnecessary. *See State v. Wagner*, 9th Dist. Lorain No. 12CA010199, 2013-Ohio-2036, ¶ 9 (Whitmore, J., concurring in judgment only). The State makes no argument that R.C. 2951.041 was used in this case. As such, R.C. 2951.041 is not at issue.

{¶9} As in *Wagner*, the State limits its challenge to a Lorain County Common Pleas Diversion Program, a diversion program allegedly created by the court. Once again, the State has failed to provide this Court with any documentation regarding such a program. As the lead opinion accurately concludes, without such documentation in the record, we must affirm.

CARR, P. J.
DISSENTING.

{¶10} I respectfully dissent. I would hold that the Lorain County Common Pleas Diversion Program is unconstitutional as it violates the separation of powers doctrine. The trial court's diversion program infringes on the power of the legislative branch to establish crimes and punishments, as well as the power of the executive branch to choose how to prosecute offenders.

{¶11} The Supreme Court of Ohio has stated, "It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties." *State v. Morris*, 55 Ohio St.2d 101, 112 (1978), citing *Municipal Court v. State ex rel. Platter*, 126 Ohio St. 103 (1933). This Court has observed that allowing a sentencing court to operate outside the confines of legislative mandates would be to reject not only the collective wisdom of the legislature, but also the authority of the citizenry itself. *State v. Wright*, 9th Dist. Medina No. 2371-M, 1995 WL 404964 (June 28, 1995), *citing Harmelin v. Michigan*, 501 U.S. 957, 1006

(1991) (Kennedy, J., concurring). This Court has emphasized that "the authority to define and fix the punishment for a crime belongs indisputably to the legislature." *State v. Woods*, 9th Dist. Medina No. 2376-M, 1995 WL 434374 (July 19, 1995), quoting *Ex Parte United States*, 242 U.S. 27, 42 (1947). Because of the paramount role the legislature plays in framing the boundaries for criminal sentencing, "state trial judges and magistrates do not have inherent or statutory power to set aside legislatively enacted sentences. The discretionary power of judges to sentence is granted by the legislature and can be circumscribed by the legislature." *Woods*, citing *Cleveland v. Scott*, 8 Ohio App.3d 358, 359 (8th Dist.1983).

{¶12} It follows that the power to authorize formal pretrial diversion programs is a legislative power. The creation of pretrial diversion programs is not a natural outgrowth of the charging function, but instead represents a shift in how a state responds to the challenge of crime. *Polikov v. Neth*, 270 Neb. 29, 39 (2005). As the Supreme Court of Nebraska has recognized, the authorization of pretrial diversion programs is "the type of broad restructuring of the goals of the criminal justice system that is entrusted to the Legislature rather than to the executive branch." *Id*. Therefore, when a prosecutor's office maintains a pretrial diversion program, it may do so only to the extent that the legislature has specifically delegated that authority. In Ohio, the General Assembly has given that authority to prosecuting attorneys by virtue of the enactment of R.C. 2935.36, which states "[t]he prosecuting attorney may establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again." There is no language in R.C. 2935.36 by which the General Assembly has granted authority to trial courts to create similar pretrial diversion programs. Thus, the trial court in this case acted without authority when it created and utilized

its own pretrial diversion program, independent from the pretrial diversion program created by the prosecuting attorney pursuant to R.C. 2935.36.

{¶13}   Moreover, when the legislature has granted authority to the prosecuting attorney to maintain a pretrial diversion program, the judiciary violates the separation of powers doctrine when it attempts to usurp that authority.  "The administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers."  *Woods v. Telb*, 89 Ohio St.3d 504, 511 (2000), quoting *State ex rel Johnston v. Taulbee*, 66 Ohio St.2d 417 (1981), paragraph one of the syllabus.  But the judicial branch must also respect the boundaries set on its powers, including the executive branch's authority to prosecute criminal offenses.  This Court has previously held that a trial court violates the constitutional concept of separation of powers when it "[takes] the administrative and executive decision of whether to prosecute [a] defendant away from the prosecuting attorney and terminate[s] the criminal prosecution without the consent of the prosecutor."  *State v. Curry*, 134 Ohio App.3d 113, 118 (9th Dist.1999).  Under similar circumstances, the Fifth District held that "it violates the constitutional concept of separation of powers for any judge to take the administrative and executive decision whether or not to proceed with prosecution away from the prosecuting attorney, and elect either to delay, defer, divert or terminate a criminal prosecution without the prosecutor's consent pre-trial."  *Ontario v. Shoenfelt*, 5th Dist. Richland No. CA2302, 1985 WL 8284 (July 30, 1985).  The Fifth District has further recognized that the trial court "merely performs an administrative function" in a pretrial diversion program maintained by the prosecutor pursuant to R.C. 2935.36, and that "to cross over the line and determine successful completion at termination would blur the line between the judicial and executive branches."  *State v. Goodman*, 5th Dist. Licking No. 2007CA00064, 2009-Ohio-979, ¶ 20.

There is no language in the Ohio Constitution granting trial courts the authority to maintain a pretrial diversion program. Article IV, Section 4, Ohio Constitution, which governs the organization and jurisdiction of common pleas courts, and Article IV, Section 18, Ohio Constitution, which governs powers and jurisdiction of judges, are devoid of any language granting the trial court the authority to create a pretrial diversion program.[1]

{¶14} Here, Davis was indicted on three felony charges on December 2, 2010. Davis then successfully petitioned the trial court for acceptance into the trial court's pretrial diversion program over the vigorous objection of the State. In order to be admitted to the trial court's diversion program, Davis entered guilty pleas to the charges in the indictment. Subsequently, the trial court made an independent determination that Davis had completed its diversion program, and issued an order dismissing the charges in the indictment. Thus, the trial court took the executive decision of whether to prosecute Davis away from the prosecuting attorney, and terminated the criminal prosecution without the consent of the prosecutor. I would conclude that usurping the role of the prosecutor in this manner violates the doctrine of separation of powers. *Curry*, 134 Ohio App.3d at 118.

{¶15} The Supreme Court of Ohio has long held, "'The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others.'" *State ex rel. Bray v. Russell*, 89 Ohio St.3d

---

[1] While Article 4, Section 18, Ohio Constitution does state that common pleas judges "shall * * * have and exercise such power and jurisdiction * * * as may be directed by law," the General Assembly's enactment of R.C. 2935.36 granted authority to create a pretrial diversion program to the prosecuting attorney, not the common pleas judges.

132, 134 (2000), quoting *State ex rel. Bryant v. Akron Metro. Park Dist.* 120 Ohio St. 464, 473 (1929). In creating and maintaining the Lorain County Pretrial Diversion Program, the trial court both disregarded the legislative branch's inherent authority to respond to the challenge of crime by defining offenses and fixing penalties, and usurped the authority of the prosecuting attorney to maintain a pretrial diversion program pursuant to the enactment of R.C. 2935.36. For these reasons, I would hold that the Lorain County Pretrial Diversion Program violates the separation of powers doctrine.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

JACK W. BRADLEY and MALLORY J. HOLMES, Attorneys at Law, for Appellee.