[Cite as *State v. Dopart*, 2014-Ohio-2901.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 13CA010486 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WAYNE DOPART | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 11CR082333 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

CARR, Presiding Judge.

{¶1} Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} On February 23, 2011, the Lorain County Grand Jury indicted Wayne Dopart on one count of tampering with records, one count of theft, one count of Medicaid eligibility fraud, and one count of falsification to facilitate a theft offense. Dopart pleaded not guilty to the charges at arraignment. After a prolonged discovery period, Dopart filed a motion for acceptance into the "Lorain County Common Pleas Court General Division Pretrial Diversion Program" on July 10, 2012. The State filed a brief in opposition, and attached a copy of the program to its brief. The trial court subsequently ordered the Lorain County Adult Probation Department to conduct an investigation to determine whether Dopart was fit for diversion. The trial court subsequently issued an order approving Dopart's application. Dopart pleaded guilty to

the charges in order to be admitted to the diversion program. Dopart was notified that he had one year to complete the diversion program, and that failure to successfully complete the program would result in his removal from the program and the imposition of a sentence. A little over a year later, on September 20, 2013, the trial court issued a journal entry dismissing the indictment on the basis that Dopart had successfully completed the trial court's diversion program.

{¶3} On appeal, the State raises three assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED MR. DOPART'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM UNDER THE AUTHORITY OF R.C. 2951.041(E).

### ASSIGNMENT OF ERROR II

THE TRIAL COURT IMPROPERLY DISMISSED MR. DOPART'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUHTORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶4} In support of its position that the trial court erred in dismissing the indictment in this case, the State argues that the trial court lacked authority to dismiss the indictment pursuant to R.C. 2951.041, that only the prosecutor may establish a pretrial diversion program under Ohio law, and that the trial court's implementation of the program violates the doctrine of separation

of powers. We agree that the trial court lacked authority to create and maintain a pretrial diversion program.

{¶5} At the outset of our discussion, we note that the program at issue in this case must be characterized as a pretrial diversion program. The trial court has labeled it as such, and it functions in a manner similar to a pretrial diversion program that may be operated by a prosecutor's office pursuant to R.C. 2935.36.

{¶6} The characterization of the program is significant given that the trial court purportedly dismissed the indictment in this matter under the authority of R.C. 2951.041(E), a provision in the intervention in lieu of conviction statute. The Supreme Court of Ohio has recognized that "[i]n enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 10, quoting *State v. Shoaf*, 140 Ohio App.3d 75, 77 (10th Dist.2000) (referring to a previous, but similar version of R.C. 2951.041). While Section G of the program's guidelines cites R.C. 2951.041 as a basis of authority to dismiss the complaint, a careful review of the program in its totality reveals that it does not function within the parameters of the treatment in lieu of conviction scheme outlined in R.C. 2951.041. Section A, which outlines the program's objectives, and Section B, which discusses eligibility, make no reference to substance abuse being a factor in the underlying conduct, or pursuing substance abuse treatment in lieu of a conviction. Rather, the overall structure of the program is markedly similar to the framework outlined in R.C. 2935.36, which permits the prosecutor to establish a diversion program for adult offenders whom the prosecutor believes will not offend again. Notably, the preamble to the program at issue here states,

"Diversion is an alternative to traditional prosecution of eligible felony offenders who appear likely not to engage in criminal behavior in the future." Thus, in light of the trial court's characterization and structuring of the program, and given that Dopart does not dispute the nature of the program, this Court must answer the question of whether the trial court has the authority to create and maintain a diversion program under Ohio law.

{¶7} The Supreme Court of Ohio has stated, "It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties." *State v. Morris*, 55 Ohio St.2d 101, 112 (1978), citing *Municipal Court v. State ex rel. Platter*, 126 Ohio St. 103 (1933). This Court has observed that allowing a sentencing court to operate outside the confines of legislative mandates would be to reject not only the collective wisdom of the legislature, but also the authority of the citizenry itself. *State v. Wright*, 9th Dist. Medina No. 2371-M, 1995 WL 404964 (June 28, 1995), *citing Harmelin v. Michigan*, 501 U.S. 957, 1006 (1991) (Kennedy, J., concurring). This Court has emphasized that "the authority to define and fix the punishment for a crime belongs indisputably to the legislature." *State v. Woods*, 9th Dist. Medina No. 2376-M, 1995 WL 434374 (July 19, 1995), citing *Ex Parte United States*, 242 U.S. 27, 42 (1916). Because of the paramount role the legislature plays in framing the boundaries for criminal sentencing, "state trial judges and magistrates do not have inherent or statutory power to set aside legislatively enacted sentences. The discretionary power of judges to sentence is granted by the legislature and can be circumscribed by the legislature." *Woods*, quoting *Cleveland v. Scott*, 8 Ohio App.3d 358, 359 (8th Dist.1983).

{¶8} It follows that the power to authorize formal pretrial diversion programs is a legislative power. The creation of pretrial diversion programs is not a natural outgrowth of the charging function, but instead represents a shift in how a state responds to the challenge of crime.

*Polikov v. Neth*, 270 Neb. 29, 39 (2005). As the Supreme Court of Nebraska has recognized, the authorization of pretrial diversion programs is "the type of broad restructuring of the goals of the criminal justice system that is entrusted to the Legislature rather than to the executive branch." *Id*. Therefore, when a prosecutor's office maintains a pretrial diversion program, it may do so only to the extent that the legislature has specifically delegated that authority. In Ohio, the General Assembly has given that authority to prosecuting attorneys by virtue of the enactment of R.C. 2935.36, which states that "[t]he prosecuting attorney may establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again." There is no language in R.C. 2935.36 by which the General Assembly has granted authority to trial courts to create similar pretrial diversion programs. Thus, the trial court in this case acted without authority when it created and utilized its own pretrial diversion program, independent from the pretrial diversion program created by the prosecuting attorney pursuant to R.C. 2935.36.

{¶9} Moreover, when the legislature has granted authority to the prosecuting attorney to maintain a pretrial diversion program, the judiciary violates the separation of powers doctrine when it attempts to usurp that authority. "The administration of justice by the judicial branch of the government cannot be impeded by the other branches of the government in the exercise of their respective powers." *Woods v. Telb*, 89 Ohio St.3d 504, 511 (2000), quoting *State ex rel Johnston v. Taulbee*, 66 Ohio St.2d 417 (1981), paragraph one of the syllabus. But the judicial branch must also respect the boundaries set on its powers, including the executive branch's authority to prosecute criminal offenses. This Court has previously held that a trial court violates the constitutional concept of separation of powers when it "[takes] the administrative and executive decision of whether to prosecute [a] defendant away from the prosecuting attorney and

terminate[s] the criminal prosecution without the consent of the prosecutor." *State v. Curry*, 134 Ohio App.3d 113, 118 (9th Dist.1999). Under similar circumstances, the Fifth District held that "it violates the constitutional concept of separation of powers for any judge to take the administrative and executive decision whether or not to proceed with prosecution away from the prosecuting attorney, and elect either to delay, defer, divert or terminate a criminal prosecution without the prosecutor's consent pre-trial." *Ontario v. Shoenfelt*, 5th Dist. Richland No. CA2302, 1985 WL 8284 (July 30, 1985). The Fifth District has further recognized that the trial court "merely performs an administrative function" in a pretrial diversion program maintained by the prosecutor pursuant to R.C. 2935.36, and that "to cross over the line and determine successful completion at termination would blur the line between the judicial and executive branches." *State v. Goodman*, 5th Dist. Licking No. 2007CA00064, 2009-Ohio-979, ¶ 20. There is no language in the Ohio Constitution granting trial courts the authority to maintain a pretrial diversion program. Article IV, Section 4, Ohio Constitution, which governs the organization and jurisdiction of common pleas courts, and Article IV, Section 18, Ohio Constitution, which governs powers and jurisdiction of judges, are devoid of any language granting the trial court the authority to create a pretrial diversion program.[1]

{¶10} In this case, Dopart was indicted on four felony charges by the Lorain County Grand Jury. He subsequently petitioned for acceptance into the Lorain County Court of Common Pleas Diversion Program. The trial court admitted him into its diversion program despite the fact that the State argued that the trial court had no authority to create and maintain

---

[1] While Article 4, Section 18, Ohio Constitution does state that common pleas judges "shall * * * have and exercise such power and jurisdiction * * * as may be directed by law," the General Assembly's enactment of R.C. 2935.36 granted authority to create a pretrial diversion program to the prosecuting attorney, not the common pleas judges.

such a program. After Dopart successfully completed the program, the trial court issued an order dismissing the indictment. Thus, the trial court took the executive decision of whether to prosecute Dopart away from the prosecuting attorney, and terminated the criminal prosecution without the consent of the prosecutor. Usurping the role of the prosecutor in this manner violates the doctrine of separation of powers. *Curry*, 134 Ohio App.3d at 118.

{¶11} The Supreme Court of Ohio has long held, "'The essential principle underlying the policy of the division of powers of government into three departments is that powers properly belonging to one of the departments ought not to be directly and completely administered by either of the other departments, and further that none of them ought to possess directly or indirectly an overruling influence over the others.'" *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 134 (2000), quoting *State ex rel. Bryant v. Akron Metro. Park Dist*. 120 Ohio St. 464, 473 (1929). In creating and maintaining the Lorain County Court of Common Pleas General Division Pretrial Diversion Program, the trial court both disregarded the legislative branch's inherent authority to respond to the challenge of crime by defining offenses and fixing penalties, and usurped the authority of the prosecuting attorney to maintain a pretrial diversion program pursuant to the enactment of R.C. 2935.36. For these reasons, the trial court's pretrial diversion program violates the separation of powers doctrine.

{¶12} It follows that the State's assignments of error are sustained.

III.

{¶13} The State's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶14} Years of experience have demonstrated that diversion programs, sometimes referred to as "therapeutic jurisprudence," serve a vital function in the criminal justice system. The success of these programs has rested upon the involvement of all of the key players in the planning, implementation and operation of the program. In this case, the State has challenged

the trial court's dismissal of Mr. Dopart's case and the constitutionality of a diversion program developed by the trial court without participation of the prosecutor. Because we can resolve this appeal without answering the constitutional question, I agree that the judgment must be reversed, but I dissent from the majority's decision to address assignments of error two and three on the merits.

{¶15} The State has presented us with three assignments of error. In its first assignment of error, the State argues that the trial court improperly dismissed the criminal case under the authority of R.C. 2951.041(E), the intervention in lieu of conviction statute. In its second and third assignments of error, the State has argued that the court's diversion program is unconstitutional. Upon review of the first assignment of error, I agree with the State that the trial court's journal entry fails to comply with the requirements of R.C. 2951.041(E). The trial court did not find that Mr. Dopart successfully completed his intervention plan, including that he refrained from using illegal drugs and alcohol for at least one year, that he participated in recovery support services, and that he complied with all other terms and conditions imposed by the court. Without these findings, the trial court could not dismiss the proceedings against Mr. Dopart pursuant to R.C. 2951.041(E). Accordingly, I would reverse the trial court's judgment and remand for the trial court to make the required findings.

{¶16} Having resolved the case on the first assignment of error, I would decline to address the second and third assignments of error. Courts should not address constitutional questions when it is unnecessary to do so, as in this case where the State can prevail on its first assignment of error. *See, e.g., State ex rel. Crabtree v. Ohio Bur. of Workers' Comp.*, 71 Ohio St.3d 504, 507 (1994) ("[W]hen a case can be decided on other than a constitutional basis, we are bound to do so."); *State v. Stockwell*, 8th Dist. Cuyahoga No. 82345, 2003-Ohio-5495, ¶ 12

("Courts find it unnecessary to address constitutional issues where the party raising that issue can prevail on other grounds, making constitutional decisions unnecessary because any assumed constitutional infirmity does not prejudice the complaining party.").

{¶17} For these reasons, I concur in part and dissent in part.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

KENNETH D. ORTNER, Attorney at Law, for Appellee.

JEFFREY S. BROWN, Attorney at Law, for Appellee.