[Cite as *State v. Marcano*, 2014-Ohio-3443.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.   13CA010428 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BELINDA MARCANO | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.   11CR082136 |

DECISION AND JOURNAL ENTRY

Dated: August 11, 2014

BELFANCE, Presiding Judge.

{¶1}   Plaintiff-Appellant the State of Ohio appeals from the judgment of the Lorain County Court of Common Pleas dismissing the case against Defendant-Appellee Belinda Marcano.  For the reasons set forth below, we reverse.

I.

{¶2}   In January 2011, Ms. Marcano was indicted on one count of using deception to obtain a dangerous drug in violation of R.C. 2925.22(A), a fourth-degree felony.  On February 4, 2011, Ms. Marcano filed a motion seeking acceptance into the court's pretrial "diversion" program.  Thereafter, the trial court issued an order requiring the probation department to investigate Ms. Marcano to determine if she was a suitable candidate for the diversion program.  It appears that the trial court denied Ms. Marcano's initial request to enter the diversion program because she was asserting that she was not guilty of the crime and entry into the diversion program mandated a plea of guilty.  In May 2012, Ms. Marcano moved the trial court to

reconsider accepting her into the court's diversion program. The State objected to Ms. Marcano's admission into the court's diversion program challenging the legality of the program itself. The State, however, did not include a copy of the diversion program in the record below. After a hearing, the trial court issued an entry acknowledging Ms. Marcano's guilty plea, approving her acceptance into the trial court's diversion program, and granting her one year to complete it. The entry notes that Ms. Marcano's failure to cooperate in the administration of the diversion program or to follow its rules would result in her removal from the program and her being found guilty of the charge in the indictment. On May 28, 2013, the trial court, upon finding that Ms. Marcano had successfully completed the period of rehabilitation, dismissed the case against her. The State has appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED MS. MARCANO'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM UNDER THE AUTHORITY OF R.C. 2951.041(E).

{¶3} The State asserts in its first assignment of error that "the trial court improperly dismissed the criminal case against Ms. Marcano because the trial court dismissed the matter under the authority of R.C. 2951.041 without following the necessary requirements of that statute to support such a dismissal." Because the record does not disclose that the trial court complied with the requirements of R.C. 2951.041(E) prior to dismissing the proceedings pursuant to that provision, we agree.

{¶4} The trial court's dismissal entry states that, "[u]pon recommendation of the Lorain County Adult Probation Department and *pursuant to* R.C. 2951.041(E), the Court finds that the defendant has successfully completed the period of rehabilitation. Supervision is hereby

terminated successfully and the above captioned case is hereby dismissed." (Emphasis added.) The Supreme Court has stated that the phrase "pursuant to" means "[i]n compliance with; in accordance with; * * * [a]s authorized by; under." (Internal quotations and citation omitted.) *State v. Niesen-Pennycuff,* 132 Ohio St.3d 416, 2012-Ohio-2730, ¶ 19. As the State maintains that the trial court's dismissal was not in compliance with the statute, we examine its plain language. R.C. 2951.041(E) provides that,

> [i]f the court grants an offender's request for intervention in lieu of conviction and the court finds that the offender has successfully completed the intervention plan for the offender, including the requirement that the offender abstain from using illegal drugs and alcohol for a period of at least one year from the date on which the court granted the order of intervention in lieu of conviction, the requirement that the offender participate in treatment and recovery support services, and all other terms and conditions ordered by the court, the court shall dismiss the proceedings against the offender. Successful completion of the intervention plan and period of abstinence under this section shall be without adjudication of guilt and is not a criminal conviction for purposes of any disqualification or disability imposed by law and upon conviction of a crime, and the court may order the sealing of records related to the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code.

R.C. 2951.041(E).

{¶5} Nothing in the record indicates that the trial court made the findings required by the statute. As making the findings was a perquisite to dismissing the proceedings pursuant to R.C. 2951.041(E), the trial court erred in dismissing the indictment on the basis stated. *See State v. Dopart,* 9th Dist. Lorain No. 13CA010486, 2014-Ohio-2901, ¶ 15 (Moore, J., concurring in part, and dissenting in part). Further, as R.C. 2951.041(E) was the sole legal authority cited by the trial court as a basis for the dismissal, we sustain the State's first assignment of error and remand the matter to the trial court.

ASSIGNMENT OF ERROR II

THE TRIAL COURT IMPROPERLY DISMISSED MS. MARCANO'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT

OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶6}    In its second assignment of error, the State asserts that the trial court erred in dismissing the indictment because only the prosecutor can establish a diversion program.  In its third assignment of error, the State argues that the trial court erred in dismissing the indictment because the trial court's diversion program violates the doctrine of separation of powers.

{¶7}    Because this Court has already concluded that the trial court erred in dismissing the indictment, there is no reason to address these assignments of error.  *See State ex rel. Crabtree v. Bur. of Workers' Comp.*, 71 Ohio St.3d 504, 507 ("[W]hen a case can be decided on other than a constitutional basis, we are bound to do so.").  Moreover, even if we were to reach the merits of the State's arguments, we would be unable to review the validity of what has been described in this case as a diversion program because the State failed to include any documentation detailing the diversion program in the record below.[1]  *See State v. Davis,* 9th Dist. Lorain No. 12CA010272, 2013-Ohio-3966, ¶ 6.  We decline to address the State's second and third assignments of error.

---

[1] We acknowledge that this Court has previously declared that the diversion program discussed in *Dopart* violated the separation of powers doctrine.  *See Dopart*, 2014-Ohio-2901, at ¶ 11.  In that case, the diversion program at issue was part of the trial court record.  *See id.*  at ¶ 2.  In this case, the diversion program is not in our record preventing us from determining whether the same program is at issue in this case.

III.

**{¶8}** The State's first assignment of error is sustained and the judgment of the Lorain County Court of Common Pleas dismissing the indictment is reversed.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶9}    While I agree that the trial court's judgment must be reversed, I respectfully disagree with the majority's conclusion that we are unable to reach the merits of the State's second and third assignments of error.  As I noted in my separate opinion in *State v. Davis*, 9th Dist. Lorain No. 12CA010272, 2013-Ohio-3966, the trial court is without authority to maintain a pretrial diversion program.  Moreover, this Court has held that the Lorain County Common Pleas Court General Division Pretrial Diversion Program is unconstitutional.  *State v. Dopart*, 9th Dist. Lorain No. 13CA010486, 2014-Ohio-2901.

<u>APPEARANCES:</u>

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

BRENT L. ENGLISH, Attorney at Law, for Appellee.