[Cite as *State v. Barber-Hartman*, 2014-Ohio-5087.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellant

    v.

BRENDA K. BARBER-HARTMAN

    Appellee

C.A. No.    14CA010546

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CR082356

DECISION AND JOURNAL ENTRY

Dated: November 17, 2014

CARR, Presiding Judge.

{¶1} Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} On March 2, 2011, the Lorain County Grand Jury indicted Brenda Barber-Hartman on one count of theft. She pleaded not guilty to the charge at arraignment. On October 24, 2011, Barber-Hartman filed a motion for acceptance into the Lorain County Common Pleas Court General Division Pretrial Diversion Program. The State responded with a brief in opposition to Barber-Hartman's motion. Attached to the State's brief in opposition was a copy of the program. After holding a hearing on the matter January 9, 2012, the trial court found that Barber-Hartman met the requirements for admission into the diversion program and granted the motion over the objection of the State. Barber-Hartman pleaded guilty to the charge and was informed by the trial court that failure to complete the program within one year would result in

her dismissal from the program and appearance before the trial court for sentencing. On June 11, 2013, Barber-Hartman's period of diversion was extended by the trial court by a period of six months. Subsequently, on December 10, 2013, the trial court issued a journal entry indicating that Barber-Hartman and the victim's insurance company had paid the victim certain sums of money, that the victim had been made whole, and that Barber-Hartman had successfully completed the diversion program. Based on its determination that Barber-Hartman successfully completed the program, the trial court issued a journal entry dismissing the indictment on January 22, 2014.

{¶3} On appeal, the State raised two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED BARBER-HARTMAN'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

{¶4} The State argues that only a prosecutor may establish a pretrial diversion program under Ohio law and that the diversion program at issue in this case violates the doctrine of separation of powers. We agree.

{¶5} This Court recently addressed multiple statutory and constitutional challenges to the Lorain County Court of Common Pleas General Division Pretrial Diversion Program. In *State v. Dopart*, 9th Dist. Lorain No. 13CA010486, 2014-Ohio-2901, this Court held that the

program is unconstitutional as it violates the separation of powers doctrine. In reaching this conclusion, this Court observed that "[i]n creating and maintaining the Lorain County Court of Common Pleas General Division Pretrial Diversion Program, the trial court both disregarded the legislative branch's inherent authority to respond to the challenge of crime by defining offenses and fixing penalties, and usurped the authority of the prosecuting attorney to maintain a pretrial diversion program pursuant to the enactment of R.C. 2935.36." *Dopart* at ¶ 11. As the instant matter pertains to the same diversion program at issue in *Dopart*, the arguments set forth by the State are well taken.

{¶6} The State's assignments of error are sustained.

### III.

{¶7} The State's assignments of error are sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
CONCURS.

MOORE, J.
CONCURRING.

{¶8}   I concur in judgment only out of deference to this Court's precedent in *Dopart*, 2014-Ohio-2901.   While a common pleas court's diversion program that excludes the participation of the prosecutor is in my judgment, ill advised, I am not convinced that it is, in fact, unconstitutional.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

JACK BRADLEY, Attorney at Law, for Appellee.