[Cite as *State v. Price*, 2015-Ohio-359.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | C.A. No. 14CA010603 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TYRONE T. PRICE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 11CR082848 |

DECISION AND JOURNAL ENTRY

Dated: February 2, 2015

MOORE, Judge.

{¶1} Appellant, State of Ohio, appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2} The Lorain County Grand Jury indicted Tyrone T. Price on one count of theft, in violation of R.C. 2913.02(A)(3), a felony of the fourth degree, and one count of misuse of credit cards, in violation of R.C. 2913.21(B)(2), a felony of the fourth degree. Mr. Price pleaded not guilty to both counts and filed a motion for acceptance into the Lorain County Common Pleas Court General Division Pretrial Diversion Program. The State responded with a brief in opposition to Mr. Price's motion, and attached a copy of the diversion program thereto. The trial court found that Mr. Price met the requirements for admission into the diversion program and granted his motion over the State's objection. Mr. Price pleaded guilty to the charges, and the

trial court informed him that failure to complete the program would result in dismissal, and, if that happened, he would be sentenced for his crimes.

**{¶3}** On January 27, 2014, a hearing was held on whether Mr. Price successfully completed the diversion program. At the hearing, the trial court found that Mr. Price had successfully completed the program, and dismissed the indictment against him pursuant to Crim.R. 48(B). The trial court journalized its ruling on May 9, 2014, stating:

> [The] [c]ourt held a hearing on [Mr. Price's] performance under the Court's Diversion Program. Based upon the evidence provided, the Court finds as follows: [Mr. Price] was admitted to the Lorain County Common Pleas Court Pre-trial Diversion Program On March 26, 2012; [Mr. Price] has paid all court costs and supervision fees owing under the Program; there is no further restitution owing to the victim; [Mr. Price] has successfully completed all conditions and requirements of the Program to the satisfaction of his supervising probation officer; [Mr. Price] has been rehabilitated to the satisfaction of this Court; and that the Lorain County Adult Probation Department has recommended dismissal of this case. Accordingly, and over the objection of the State of Ohio, this case is dismissed pursuant to Ohio Criminal Rule 48(B).

**{¶4}** The State appealed, raising two assignments of error for our consideration.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT IMPROPERLY DISMISSED [MR.] PRICE'S INDICTMENT UPON COMPLETION OF THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM AS ONLY A PROSECUTING ATTORNEY HAS THE AUTHORITY TO ESTABLISH A PRE-TRIAL DIVERSION PROGRAM.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN STRUCTURING THE LORAIN COUNTY COURT OF COMMON PLEAS DIVERSION PROGRAM TO REMOVE ONE OF THE ESSENTIAL PARTIES TO THE CASE AND TO VIOLATE THE CONSTITUTIONAL CONCEPT OF SEPARATION OF POWERS.

**{¶5}** In its first and second assignments of error, the State argues that only a prosecutor may establish a pretrial diversion program under Ohio law and that the diversion program at issue in this case violates the doctrine of separation of powers.

**{¶6}** We review a trial court's dismissal of criminal charges for an abuse of discretion. *State v. Cole*, 9th Dist. Summit Nos. 26190, 26191, 2012-Ohio-4027, ¶ 7, citing *State v. Busch*, 76 Ohio St.3d 613, 616 (1996). An abuse of discretion "implies that a trial court's decision is unreasonable, arbitrary or unconscionable." *Cole* at ¶ 7, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). Further, "[a] trial court possesses the inherent authority to dismiss charges sua sponte." *Cole* at ¶ 7, citing *Busch* at 615. "Crim.R. 48 governs the procedure by which a trial court may dismiss a complaint over the State's objection; however, 'the circumstances under which this may occur are not enunciated within the criminal rules.'" *Cole* at ¶ 7, quoting *State v. Arroyo*, 9th Dist. Lorain No. 99CA007330, 2000 WL 223509, *1 (Feb. 23, 2000). "Although 'the rule does not limit the reasons for which a trial judge might dismiss a case,' the rule does require that '[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." *Cole* at ¶ 7, quoting *Busch* at 615 and Crim.R. 48(B). In *Busch* at 615-616, the Supreme Court of Ohio explained its reasoning as follows:

> Trial judges are at the front lines of the administration of justice in our judicial system, dealing with the realities and practicalities of managing a caseload and responding to the rights and interests of the prosecution, the accused, and victims. A court has the "inherent power to regulate the practice before it and protect the integrity of its proceedings." *Royal Indemn. Co. v. J.C. Penney Co.*, 27 Ohio St.3d 31, 33-34 (1986). Trial courts deserve the discretion to be able to craft a solution that works in a given case.

As such, "a trial judge is allowed great flexibility in determining when the judicial process is no longer useful in a given case such that a dismissal under Crim.R. 48(B) is warranted." *State v.*

*Sanders*, 7th Dist. Columbiana No. 12 CO 35, 2013-Ohio-5220, ¶ 13, citing *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, ¶ 15 (2d Dist.).

{**¶7**}    In *State v. Bales*, 9th Dist. Lorain No. 12CA010311, 2013-Ohio-5780, ¶ 11, this Court analyzed a similar issue wherein the trial court sua sponte dismissed Mr. Bales' indictment after his successful completion of the Lorain County Common Pleas Court General Division Pretrial Diversion Program.  In affirming the trial court's decision, we stated:

> Upon review of the record, and given the State's limited argument on appeal which does not explain why the trial court's dismissal pursuant to Crim.R. 48(B) was erroneous, we cannot conclude that the trial court abused its discretion in dismissing Mr. Bales' criminal charges, without prejudice, pursuant to Crim.R. 48(B).  The trial court complied with Crim.R. 48(B) by including specific findings in its entry regarding the reasons for dismissing the charges against Mr. Bales, including: (1) successful participation in the judicially created diversion program, (2) payment of fines and court costs, (3) no pending criminal charges, (4) no dependence on alcohol or drugs, and (5) a positive recommendation from the adult probation department.  Further, in its reply brief, the State admits that "Crim.R. 48(B) does permit a trial judge to dismiss an indictment, over the objection of the prosecutor, provided detailed findings are made on the record." In addition, the State has not demonstrated why, in this instance, dismissal pursuant to Crim.R. 48(B) is not proper.  As such, we cannot say that the trial court's decision to issue a Crim.R. 48(B) dismissal of Mr. Bales' criminal charges was "unreasonable, arbitrary or unconscionable." *See Cole,* 2012-Ohio-4027, at ¶ 7.

{**¶8**}    However, in *State v. Dopart*, 9th Dist. Lorain No. 13CA010486, 2014-Ohio-2901, this Court recently deemed the Lorain County Court of Common Pleas General Division Pretrial Diversion Program unconstitutional.  In *Dopart* at ¶ 11, the majority held that the diversion program is unconstitutional because it violates the separation of powers doctrine.  In reaching this conclusion, the majority stated that "[i]n creating and maintaining the Lorain County Court of Common Pleas General Division Pretrial Diversion Program, the trial court both disregarded the legislative branch's inherent authority to respond to the challenge of crime by defining offenses and fixing penalties, and usurped the authority of the prosecuting attorney to maintain a pretrial diversion program pursuant to the enactment of R.C. 2935.36." *Id.*

{¶9} Additionally, based upon our precedent in *Dopart*, this Court reversed and remanded the trial court's dismissal of Brenda Barber-Hartman's indictment after she successfully completed the Lorain County Court of Common Pleas General Division Pretrial Diversion Program. *See State v. Barber-Hartman*, 9th Dist. Lorain No. 14CA010546, 2014-Ohio-5087, ¶ 5. In *Barber-Hartman*, the majority stated:

> This Court recently addressed multiple statutory and constitutional challenges to the Lorain County Court of Common Pleas General Division Pretrial Diversion Program. In *Dopart,* this Court held that the program is unconstitutional as it violates the separation of powers doctrine. * * * As the instant matter pertains to the same diversion program at issue in *Dopart,* the arguments set forth by the State are well taken.

*Id.*

{¶10} Here, in dismissing Mr. Price's indictment, pursuant to Crim.R. 48(B), the trial court stated on the record that Mr. Price (1) had successfully completed the diversion program, (2) had not committed any crimes during the intervening time period, (3) had no "dirty urines," and (4) had satisfied his order of restitution and other financial obligations. Although the trial court technically complied with the requirements of Crim.R. 48(B), it abused its discretion in dismissing the indictment based upon the Lorain County Court of Common Pleas General Division Pretrial Diversion Program, which, according to our precedent in *Dopart*, was unconstitutional at the time of its creation. *See Cole*, 2012-Ohio-4027, at ¶ 7; *see also Dopart,* 2014-Ohio-2901, at ¶ 4; *Sanders v. Marrero*, 9th Dist. Lorain No. 98CA007002, 2000 WL 150770, *2 (Feb. 9, 2000), quoting *Middletown v. Ferguson*, 25 Ohio St.3d 71, 80 (1986), quoting *Norton v. Shelby County*, 118 U.S. 425, 442 (1886), ("[a]n unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, *as inoperative as though it had never been passed.*") (Emphasis added.)

{¶11} Accordingly, the State's assignments of error are sustained.

6

III.

**{¶12}** In sustaining the State's assignments of error, the judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS IN JUDGMENT ONLY.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶13} I concur in the judgment out of respect for this Court's precedent. *See State v. Dopart*, 9th Dist. Lorain No. 13CA010486, 2014-Ohio-2901, ¶ 11. However, I do so reluctantly because I am not convinced that the diversion program is unconstitutional. Furthermore, I am troubled by the procedural footing of these cases.

{¶14} Our legal system is an adversarial one, and it is problematic to decide important issues without vigorous argument from both sides of the issue. *See Penson v. Ohio*, 488 U.S. 75, 84 (1988), quoting Kaufman, *Does the Judge Have a Right to Qualified Counsel?*, 61 A.B.A.J. 569, 569 (1975), quoting Lord Eldon ("The paramount importance of vigorous representation follows from the nature of our adversarial system of justice. This system is premised on the well-tested principle that truth—as well as fairness—is '"best discovered by powerful statements on both sides of the question."'"). However, in all of the cases involving the diversion program, the party that actually instituted the diversion program—the Lorain County Court of Common Pleas, and the judges serving therein—are not part of the proceedings but, instead, are silent bystanders, leaving the State essentially unopposed in its challenges to the authority of the Lorain County Court of Common Pleas to institute and effectuate a diversion program. I do not believe that these cases constitute the proper procedure for challenging the authority of the common pleas court or its judges.

{¶15} Nevertheless, I am constrained by this Court's precedent and, therefore, concur in the judgment.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellant.

MICHAEL DUFF, Attorney at Law, for Appellee.