Pursuant to Section 2945.67(A) of the Ohio Revised, the State of Ohio has appealed from a judgment of the Summit County Court of Common Pleas. The State has appealed from an order of the trial court that sua sponte withdrew defendant's guilty plea and dismissed the indictment against defendant for grand theft. This Court reverses.
 I.
On November 12, 1996, defendant Samuel J. Curry Jr. was indicted on one count of grand theft, a violation of Section2913.02(A)(1)/(A)(3) of the Ohio Revised Code. On December 13, 1996, defendant was accepted into the Summit County Prosecutor's Office Pretrial Diversion Program ("diversion program"). Pursuant to his entry into the diversion program, defendant entered a plea of guilty to the charge of grand theft.
On January 12, 1998, defendant was discharged from the diversion program for unsuccessful completion of the program. Defendant's participation in the diversion program was terminated because he had failed to pay complete restitution to the victim. Sentencing was set for January 20, 1998. Upon representations of defendant that he would continue to make restitution to the victim, the trial court continued sentencing until February 18, 1998. At defendant's request, the matter was continued until April 1, 1998. The matter was again continued until June 10, 1998, to allow defendant additional time to make restitution to the victim.
On June 10, 1998, a sentencing hearing was held. Defendant presented evidence to the court that he had made full restitution to the victim. The court acknowledged that defendant made restitution in full and sentenced defendant to six months of unsupervised probation. After a recess, the court announced that it had reconsidered its decision. The court noted that defendant had paid the amount of restitution that he was required to pay as part of the diversion program. The court, therefore, determined that defendant had successfully completed the diversion program. As a result, the court vacated defendant's guilty plea and dismissed the case. The State timely appealed to this Court.
 II. The trial court erred when it sua sponte vacated a plea of guilty and summarily dismissed a criminal case where the defendant was previously discharged from the pretrial diversion program.
In its sole assignment of error, the State has argued that the trial court unlawfully encroached upon the authority of the prosecuting attorney by its sua sponte dismissal of the case against defendant. First, the State has asserted that defendant did not satisfactorily complete the diversion program; therefore, the trial court exceeded its authority by determining that defendant satisfactorily completed the program. Second, the State has asserted that, pursuant to Section 2935.36(D), the trial court may not dismiss a pre-trial diversion case without the recommendation of the prosecuting attorney. The State has requested this Court to reverse the decision of the trial court and remand this action for sentencing on the defendant's plea of guilty to grand theft.
Defendant has argued that the trial court's actions were not only proper, but were, in fact, required. He has asserted that the trial court must have the authority to hold a hearing on the prosecutor's attempt to remove an accused from the diversion program because a hearing was necessary to protect his rights to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. He has asserted that the hearing on June 10, 1998 was held to determine whether he had, in fact, violated the rules of the diversionary program and whether he should face further prosecution. Defendant has argued that the trial court found that, because the reasons for his discharge from the program no longer existed, he was not in violation of the requirements of the program. Defendant has asserted that, because the trial court did have the authority to determine whether he had met the requirements of the diversion program, the decision of the trial court should be affirmed.
The pretrial diversion program at issue here is governed by Section 2935.36 of the Ohio Revised Code. By enacting that statute, the legislature gave the prosecuting attorney the authority to establish pre-trial diversion programs that are to be operated pursuant to written standards that have been approved by the common pleas court. Section 2935.36(A) of the Ohio Revised Code. The legislature vested the prosecuting attorney with discretion regarding the determination of whether to prosecute an individual who might be eligible for the diversionary programs. Cleveland v. Mosquito (1983), 10 Ohio App.3d 239, 240. The statute is silent as to the division of responsibilities and the procedure to be followed when the conditions of the diversion program have been violated. State v. Sneed (Jan. 8, 1986), Montgomery App. No. CA 8837, unreported, 1986 Ohio App. LEXIS 5234, *6-7. Violations of the conditions of the diversion program are mentioned, however, in Section 2935.36(D) which provides:
 If the accused satisfactorily completes the diversion program, the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges. If the accused chooses not to enter the prosecuting attorney's diversion program, or if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law, and the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation.
The wording of the statute appears to condition the court's right to dismiss the charges on a recommendation by the prosecutor. See Ontario v. Shoenfelt (July 30, 1985), Richland App. No. CA 2302, unreported, 1985 Ohio App. LEXIS 6795, *3. When confronted with a similar issue regarding a pretrial diversion program, the Fifth District Court of Appeals noted that the court violates the concept of separation of powers when it takes the administrative and executive decision whether to proceed with a criminal prosecution away from the prosecuting attorney and elects to delay, defer, or terminate a criminal prosecution without the prosecutor's consent pre-trial. Ontario v. Shoenfelt, supra at *2-3.
Defendant is correct in his assertion that the trial court has the authority to hold a hearing to determine whether the conditions of the diversion program have been satisfactorily met by an accused. See State v. Sneed, supra, at *6-10; see, also, State v. Bennett (May 10, 1995), Miami App. No. 94 CA 52, unreported, 1995 Ohio App. LEXIS 1917, *12-15. A hearing is not, however, mandated every time an accused is terminated from a diversion program. State v. Sneed, supra, at *8. In order to be entitled to a hearing, an accused who claims that he or she was wrongfully terminated from a diversion program must bring the issue to the attention of the court in a timely manner. Id.
In this case, however, defendant did not request a hearing or bring the issue that he was wrongfully terminated from the diversion program to the attention of the trial court. Nor has he argued to this Court that he was wrongfully terminated from the diversion program. The record, in fact, confirms that defendant's termination from the program was proper. Defendant was discharged from the program on January 12, 1998 because he had failed to pay complete restitution to the victim as required by the program. Sentencing hearings were held in this matter on January 20, 1998 and on April 1, 1998. At both hearings, defendant admitted that he had not made restitution to the victim and he requested continuances to attempt to make complete restitution. Complete restitution was not made until some time prior to the June 10, 1998 sentencing hearing, approximately 149 days after he was discharged from the diversion program. The issue of wrongful termination from the diversion program was not before the trial court, and the hearing on June 10, 1998 was held for the purpose of sentencing defendant pursuant to his guilty plea.
On June 10, 1998, the trial court properly sentenced defendant, however, after a recess, the court made the following announcement:
 The Court has reconsidered its — what he has done, and the court is going to construe it as if he successfully completed the Prosecutor's Diversion Program. And, therefore, noting that he has paid the 3,000 plus, $3,088.89, which was the amount he should have paid, was required to pay as a part of the program, the Court is then going to dismiss — vacate his pleas of guilty and dismiss the case.
The trial court's efforts to enable defendant to continue to make restitution to the victim are commendable, however, the fact that defendant was able, when given additional time, to make complete restitution to the victim does not change the fact that he was properly terminated from the diversion program. Defendant violated the conditions of the diversion program; therefore, the prosecution had the discretion to determine if he should be brought to trial on the charges. Section 2935.36(D) of the Ohio Revised Code; Ontario v. Shoenfelt, supra at *3 ("the constitutional principle of separation of powers places the authority to decide whether to proceed with criminal prosecution exclusively within the power of the prosecuting attorney.").
Although a guilty plea is not required by the statute as a condition for admission into a diversion program, defendant did plead guilty in this case. Because the prosecutor did not recommend dismissal of the charges against defendant and because defendant had already entered a plea of guilty to the charges, this matter was before the trial court solely for the purposes of sentencing defendant pursuant to his guilty plea. The State had a legitimate expectation that the trial court would sentence defendant pursuant to his guilty plea if he failed to satisfactorily complete the diversion program. See State v. Bennett, supra, at *13. The trial court could legitimately consider the fact that the defendant did make complete restitution when it determined the actual sentence. The trial court violated the constitutional concept of separation of powers, however, when it took the administrative and executive decision of whether to prosecute defendant away from the prosecuting attorney and terminated the criminal prosecution without the consent of the prosecutor. Ontario v. Shoenfelt, supra at * 2-3.
This Court holds that the trial court erred when it vacated defendant's guilty plea and dismissed the charges without the recommendation of the prosecutor. The State's sole assignment of error is sustained.
 III.
The State's assignment of error is sustained. The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion. The trial court is directed, on remand, to sentence defendant on his plea of guilty to grand theft.
Judgment Reversed and Cause Remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
___________________________ BETH WHITMORE
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR