[Cite as *State v. Boddie*, 2011-Ohio-6240.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT       )

STATE OF OHIO                     C.A. No.      25904

    Appellant

    v.                           APPEAL FROM JUDGMENT
                                 ENTERED IN THE
SANTINO A. BODDIE                 COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
    Appellee                     CASE No.      CR 09 09 2882

DECISION AND JOURNAL ENTRY

Dated: December 7, 2011

---

CARR, Presiding Judge.

{¶1}    Appellant, State of Ohio, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Appellee, Santino Boddie, was indicted on October 9, 2009, in case number CR 2009-09-2882, on one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2), a felony of the fourth degree; and one count of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(2), a misdemeanor of the fourth degree. Boddie pleaded not guilty at arraignment. The parties subsequently entered into plea negotiations. In exchange for Boddie's guilty plea, the State agreed to amend the count of carrying concealed weapons to a count of attempted tampering with evidence in violation of R.C. 2923.02/2921.12,

a felony of the fourth degree, and to allow Boddie's entry into the Prosecutor's diversion program. Boddie entered his guilty plea on March 10, 2010.

{¶3} On March 3, 2011, the trial court held a hearing for two purposes. First, the trial court conducted a change of plea hearing in regard to two subsequent charges brought against Boddie in another case, number CR 2010-11-3255. Boddie pleaded guilty to one count of receiving stolen property, a felony of the fourth degree, and one count of attempted drug possession, a misdemeanor of the first degree. The trial court scheduled a restitution hearing for a later date.

{¶4} Second, the trial court conducted a hearing on Boddie's participation in the Prosecutor's diversion program. The State informed the trial court that Boddie would no longer qualify for participation in the Prosecutor's diversion program because of the new criminal case. Defense counsel conceded that Boddie was "aware that there is going to be an unsuccessful termination from the diversion case." The court noted the positive reports it had been receiving to date regarding Boddie's participation in the diversion program. The court then stated that, based on the questionable factual basis for the new charges, it would not find that Boddie had unsuccessfully completed the diversion program. On March 8, 2011, the trial court issued an order continuing Boddie in the diversion program and scheduling a diversion status for April 13, 2011.

{¶5} On April 13, 2011, the trial court held a restitution hearing in case number CR 2010-11-3255 and conducted a status regarding Boddie's participation in the Prosecutor's diversion program. On April 15, 2011, the trial court issued an order in which it found that Boddie had successfully completed the diversion program. The court dismissed the indictment

in case number CR 2009-09-2882 and directed that the record be sealed. The State filed a timely appeal, raising two assignments of error which this Court consolidates to facilitate review.

## II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT."

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT BODDIE SUCCESSFULLY COMPLETED THE DIVERSION PROGRAM."

**{¶6}** The State argues that the trial court erred by finding that Boddie successfully completed the Prosecutor's diversion program and by dismissing the indictment in case number CR 2009-09-2882. This Court disagrees.

**{¶7}** R.C. 2935.36(A) allows the prosecuting attorney to establish a pre-trial diversion program which "shall be operated pursuant to written standards approved by journal entry by the presiding judge *** of the court of common pleas[.]" Upon successful completion of the diversion program by an accused, "the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges[.]" R.C. 2935.36(D). However, "if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges[.]" Id. This Court has written in a case upon which the State relies that "the trial court has the authority to hold a hearing to determine whether the conditions of the diversion program have been satisfactorily met by an accused." *State v. Curry* (1999), 134 Ohio App.3d 113, 117.

**{¶8}** In this case, the trial court scheduled the issue of Boddie's participation in the diversion program for hearings on March 3, 2011, and April 13, 2011, to determine whether he had successfully completed the program. The State did not object to either hearing. At the March 3, 2011 hearing, Boddie informed the trial court of the facts underlying his two charges in case number CR 2010-11-3255. The trial court expressed its opinion that, if the facts were as Boddie claimed, the State would have had a difficult time proving any criminal intent by Boddie. At the April 13, 2011 hearing, the trial court delineated some of the conditions established for Boddie's successful completion of the diversion program, including his participation in a gun safety class, his enrollment in classes at a local university, and his obtaining negative drug screens. The court noted his successful completion of those conditions notwithstanding an intervening kidney transplant surgery and recovery. The trial court then noted the specious circumstances underlying the charges in case number CR 2010-11-3255 and found that "while Mr. Boddie has violated rules, the letter of the rules, he has not violated the spirit of the rules in the Prosecutor's Diversion Program."

**{¶9}** The State on appeal alleges that Boddie violated the conditions of the diversion program by committing a new offense. However, the State failed to enter into evidence the rules by which Boddie was bound in order to successfully complete the diversion program. In the absence of those rules, this Court is unable to determine whether the trial court erred in determining that Boddie had not violated the rules in such a way as to require a finding that he unsuccessfully participated in the program. The State's assignments of error are overruled.

III.

**{¶10}** The State's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

TODD M. CONNELL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.