[Cite as *State v. Flores*, 2018-Ohio-3980.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-18-016

    Appellee                                      Trial Court No. 2015CR0230

v.

Miguel Flores                                        **DECISION AND JUDGMENT**

    Appellant                                      Decided:  September 28, 2018

* * * * *

Miguel Flores, pro se.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant, Miguel Flores, appeals the judgment of the Wood County Court Common Pleas, denying his petition for postconviction relief.  Finding no error in the proceedings below, we affirm the judgment of the trial court.

## A. Facts and Procedural Background

{¶ 2} In 2007, appellant pled guilty of conspiracy to possess with intent to distribute cocaine, crack, and marijuana in the United States District Court for the Northern District of Ohio. *United States v. Flores*, N.D.Ohio No. 12-3002, 2012 U.S. App. LEXIS 24684 (Nov. 28, 2012). He was sentenced to 27 months in prison and 4 years of supervised release. *Id.* at 469. Appellant violated his supervised release in 2011 and was sentenced to an additional 36 months in prison.

{¶ 3} On August 8, 2016, appellant pled guilty to one count of engaging in a pattern of corrupt activity in violation R.C. 2923.32(A)(1) and (B)(1), and one count of aggravated trafficking in violation of R.C. 2925.03(A)(1) and (C)(4)(f), felonies of the first degree. After accepting appellant's plea, the trial court imposed a prison sentence of eight years as to each of the two counts, to be served concurrently. Appellant did not file a direct appeal.

{¶ 4} On August 14, 2017, appellant filed a timely petition for postconviction relief, in which he raised Fourth, Fifth, and Sixth Amendment claims. The trial court issued its decision denying appellant's petition on February 9, 2018. Appellant's timely appeal followed.

## B. Assignments of Error

{¶ 5} On appeal, appellant presents the following assignments of error for our review:

2.

Assignment of error number (1): TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S CLAIM OF A DOUBLE JEAPORDY VIOLATION.

Assignment of error number (2): TRIAL COURT ABUSED ITS DISCRETION WHEN IT APPLIED THE WRONG STANDARD OF REVIEW TO APPELLANT'S CLAIM OF INEFFECTIVE COUNSEL.

Assignment of error number (3): TRIAL COURT ABUSED ITS DISCRETION WHEN IT ARBITRARILY DENIED APPELLANT'S CLAIM OF AN INVALID SEARCH WARRANT.

## II. Analysis

### A. Postconviction Standard

{¶ 6} R.C. 2953.21 sets forth the following standard for postconviction relief in Ohio:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner

may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 7} We review the trial court's decision denying appellant's postconviction petition under an abuse of discretion standard.

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *State v. Stone*, 2nd Dist. Clark No. 2011 CA 96, 2012-Ohio-4755, ¶ 22, citing *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

## B. Double Jeopardy

{¶ 8} In his first assignment of error, appellant argues that the trial court abused its discretion by finding that the state did not violate his Double Jeopardy rights under the Fifth Amendment of the United States Constitution. According to the Fifth Amendment,

"No person shall * * * be subject for the same offence to be twice put in jeopardy of life or limb." The Fifth Amendment "protects against a second prosecution for the same offense after acquittal [or conviction]." *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). It also protects against "multiple punishments for the same offense. *Id.*

{¶ 9} Appellant claims to be currently serving time in the "North Central Correctional complex in Marion, Ohio for the same crime and facts for which he previously was held in federal prison for approximately 36 months." We disagree.

{¶ 10} Appellant was sentenced to 27 months in prison and 4 years of supervised release in 2007. *Flores*, N.D.Ohio No. 12-3002, 2012 U.S. App. Lexis 24684. Appellant was sentenced to 36 months in prison for violating the conditions of that release in 2011. The conduct for which he was found to be in violation of his supervised release included: "new law violation, failure to submit to drug tests, and a failure to report." *Id.*

{¶ 11} Upon review of appellant's argument below, the trial court found that "the thirty-six month imprisonment was not a second penalty for a new offense, but rather a portion of the original sentence imposed." *See Johnson v. United States*, 529 U.S. 694, 699-700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). The trial court cited *State v. Myers*, where it was found that a "community control violation was not a second penalty for a new offense but rather the original sentence * * * now being imposed." *State v. Myers*, 5th Dist. Richland No. 2003 CA 0062, 2004-Ohio-3715, ¶ 23.

5.

{¶ 12} Upon consideration, we agree with the trial court, consistent with the holding in *Myers,* that appellant's 36-month sentence was not a second penalty for a new offense, but constituted the 2007 sentence now being imposed as a result of his violation of the terms of supervised release. Therefore, we find appellant's first assignment of error not well-taken.

### C. Ineffective Assistance of Counsel

{¶ 13} In his second assignment of error, appellant asserts that he received ineffective assistance of trial counsel.

{¶ 14} The appropriate standard of review for a claim of ineffective assistance of counsel was outlined by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). There, the court stated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it

cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. *Id*. at 687.

{¶ 15} Here, appellant argues that his counsel failed to sufficiently research the strength of the state's case, particularly with regard to the legitimacy of its daytime execution of a search warrant. Additionally, appellant claims that his counsel was deficient in failing to object to the admission of the evidence found as a result of the state's execution of the search warrant.

{¶ 16} Notably, appellant offers no support for his claim that trial counsel failed to conduct sufficient research to support a potential motion to suppress. Appellant asserts that he could have presented such support had the trial court held a hearing on his postconviction petition. However, "[a] criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing." *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), citing R.C. 2953.21(C). Appellant failed to demonstrate such substantive grounds for relief here, as will be discussed in our examination of appellant's third assignment of error. Thus, the trial court did not err in denying the petition without an evidentiary hearing.

7.

{¶ 17} Because appellant has failed to demonstrate that his trial counsel provided deficient performance, or that he was prejudiced by trial counsel's assistance, we find no merit to appellant's ineffective assistance of counsel argument. Accordingly, appellant's second assignment of error is found not well-taken.

### D. Execution of the Search Warrant

{¶ 18} In his third assignment of error, appellant argues that the trial court abused its discretion in finding that the state's execution of its search warrant was proper.

{¶ 19} The procedure to be followed in executing a search warrant is set forth in R.C. 2933.24(A), as follows:

> The warrant shall command the officer or individual to search the place or person named or described for the property, and to bring them, together with the person, before the judge or magistrate. The command of the warrant shall be that the search be made in the daytime, unless there is urgent necessity for a search in the night, in which case a search in the night may be ordered.

Crim.R. 41(C)(2) also provides that "[t]he warrant shall be executed in the daytime, unless the issuing court, by appropriate provision in the warrant, and for reasonable cause shown, authorizes its execution at times other than daytime."

{¶ 20} Here, appellant argues not that the warrant itself was invalid, but that the search did not comply with the warrant. He claims that the authorization for a night search meant that a search could only be conducted after 8:00 p.m. Appellant's

8.

interpretation of the statute is misplaced. Under R.C. 2933.24(A), a search is generally to be conducted during the daytime. However, a nighttime search may be conducted under certain circumstances. The fact that the warrant provides for a nighttime search, as was the case here, does not prevent officers from conducting the search during the daytime. Rather, the nighttime provision merely grants the officers the additional option of executing the search at night.

{¶ 21} Because we find that the state's execution of its search warrant during the daytime was proper, we find no merit to appellant's argument to the contrary. Therefore, appellant's third assignment of error is not well-taken.

{¶ 22} Having found no merit to appellant's assignments of error, we find that the trial court did not abuse its discretion in denying appellant's postconviction petition.

### III. Conclusion

{¶ 23} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

James D. Jensen, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE