[Cite as *State v. Sullivan-Eason*, 2023-Ohio-862.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                    Court of Appeals No. E-22-038

     Appellant                              Trial Court No.  2021 CR 0447

v.

Khauriee Sullivan-Eason                 **DECISION AND JUDGMENT**

     Appellee                                Decided:  March 17, 2023

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellant.

Henry Schaefer, for appellee.

* * * * *

**SULEK, J.**

{¶ 1} The state of Ohio appeals the judgment of the Erie County Court of

Common Pleas, which terminated appellee Khauriee Sullivan-Eason's participation in a

pre-trial diversion program and dismissed the indictment with prejudice.  For the reasons

that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On November 9, 2021, the Erie County Grand Jury entered a two-count indictment against Sullivan-Eason, charging him with one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1), a felony of the fourth degree, and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) and (I), a felony of the fourth degree. Both counts contained a specification for forfeiture of the firearm under R.C. 2941.1417(A). The charges arose from Sullivan-Eason's failure to inform police officers during a traffic stop that he was possessing a loaded firearm.

{¶ 3} On July 27, 2022, Sullivan-Eason withdrew his initial plea of not guilty, entered a plea of no contest to both counts, and agreed to forfeit the firearm. In exchange for the plea, the state agreed to allow Sullivan-Eason to enter a prosecutor's diversion program pursuant to R.C. 2935.36. Although it appears to be understood by all parties, the state did not specify that it would dismiss the indictment upon Sullivan-Eason's successful completion of the diversion program. At the plea hearing, the trial court instructed Sullivan-Eason that:

> [I]t will be the judgment and sentence of the Court today that you be
> found amenable for the diversion program, placed on diversion for a period
> of one year. Along with the standard conditions, the Court would order that
> - I guess that you show proof of employment to your probation officer, and

2.

- or schooling or a combination thereof; order that you pay the Court costs; forfeiture of the weapon; and if you - and then when all costs are paid, all your financial matters are wrapped up the Court would entertain a motion to terminate you as soon as possible from the diversion program. I just don't want this to mess up your opportunity to go to law school, and you're taking the LSAT. I don't want this to interfere with that, okay?

\* \* \*

So pay off your costs and you can be terminated from the diversion program.

**{¶ 4}** Following the plea hearing, the trial court entered its judgment finding that Sullivan-Eason had entered pleas of no contest to the charges, but withholding its finding of guilt pending the successful completion of the diversion program. Regarding the prosecutor's diversion program, the trial court specified that

[Sullivan-Eason] shall be placed on the diversion program for a period of one [1] year beginning July 27, 2022, under the supervision of the Adult Probation Department and subject to the general conditions as heretofore filed in this Court on December 10, 2021 and it is further conditioned that:

1. Defendant shall not leave the State of Ohio without first obtaining prior written consent from the Adult Probation Department;

3.

2. Defendant shall comply with all lawful Orders of the Adult Probation Department;

3. Defendant shall obtain and maintain full-time verifiable employment and shall show proof to the Adult Probation Department;

4. Defendant shall not operate a motor vehicle prior to showing proof of a valid driver's license and insurance to the Erie County Adult Probation Department.

The trial court ordered that "if the defendant successfully completes the period of diversion, the Court shall enter a dismissal of the indictment." Notably, the trial court's judgment entry did not reference in any way that the diversion program would be completed when Sullivan-Eason paid his court costs.

{¶ 5} Approximately one week later, on August 4, 2022, Sullivan-Eason moved to conclude the diversion program, noting that he had paid his court costs in full. Five days later, on August 9, 2022, the trial court entered its judgment finding that Sullivan-Eason had successfully completed the diversion program, which it determined based upon a recommendation from the Adult Probation Department. The trial court ordered Sullivan-Eason successfully discharged from the diversion program and dismissed the indictment with prejudice.

4.

**{¶ 6}** Six days after the trial court entered its judgment, the state filed an opposition to Sullivan-Eason's motion to conclude the diversion program. In addition to noting that it was not given 14 days to respond to Sullivan-Eason's motion, the state argued that R.C. 2935.36 does not grant authority to the Adult Probation Department to recommend termination of a diversion program, and that only the prosecuting attorney has that authority.

## II. Assignments of Error

**{¶ 7}** The state timely appealed the trial court's August 9, 2022 judgment, and now presents two assignments of error for our review:

> 1. The trial court abused its discretion by dismissing the indictment with prejudice without giving the State an opportunity to object, as contemplated by Crim.R. 48(B), and without finding that Appellee had been denied any constitutional or statutory rights.

> 2. The trial court exceeded its authority by dismissing the indictment against Appellee where he had not successfully completed the diversion program and without recommendation from the prosecuting attorney.

## III. Analysis

**{¶ 8}** We will address the state's assignments of error together as they are interrelated. In general, the state contests the trial court's dismissal of the indictment against Sullivan-Eason with prejudice. The parties agree that a trial court's dismissal of

an indictment is reviewed for an abuse of discretion. *State v. Busch*, 76 Ohio St.3d 613, 615-616, 669 N.E.2d 1125 (1996). An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *see also State v. Miller*, 2019-Ohio-3294, 141 N.E.3d 604, ¶ 19 (2d Dist.); *State v. Flores*, 6th Dist. Wood No. WD-18-016, 2018-Ohio-3980, ¶ 7.

{¶ 9} Relevant here, two sources of authority allow the trial court to dismiss the indictment against Sullivan-Eason.

{¶ 10} First, R.C. 2935.36(D) requires the trial court to dismiss the indictment if Sullivan-Eason successfully completes the diversion program and the prosecuting attorney recommends to the trial court that the charges be dismissed. Specifically, R.C. 2935.36(D) provides, "If the accused satisfactorily completes the diversion program, the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges."

{¶ 11} Second, regardless of whether Sullivan-Eason successfully completes the pre-trial diversion program, Crim.R. 48(B) provides a general authorization for the trial

6.

court to dismiss criminal actions. Crim.R. 48(B) provides, "If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." The rule "recognizes by implication that trial judges may *sua sponte* dismiss a criminal action over the objection of the prosecution, since the rule sets forth the trial court's procedure for doing so. The rule does not limit the reasons for which a trial judge might dismiss a case, and * * * a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." *Busch* at 615.

{¶ 12} In this case, the trial court appeared to dismiss the indictment pursuant to R.C. 2935.36. In its judgment entry, the trial court found that "the Chief Adult Probation Officer reported to the Court that the defendant, Khauriee Sullivan-Eason, has successfully completed his diversion program according to the terms and conditions set forth by the Court and recommends that the indictment pending against the defendant be dismissed. The Court finds that said recommendation is well-taken." Thus, the trial court ordered Sullivan-Eason successfully discharged from diversion and dismissed the indictment with prejudice.

{¶ 13} In its second assignment of error, the state argues that the trial court abused its discretion when it dismissed the indictment pursuant to R.C. 2935.36 because the prosecutor never recommended that the charges be dismissed.

7.

**{¶ 14}** R.C. 2935.36(A) gives the prosecuting attorney "the authority to establish pretrial diversion programs that are to be operated pursuant to written standards that have been approved by the common pleas court." *State v. Curry*, 134 Ohio App.3d 113, 116, 730 N.E.2d 435 (9th Dist.1999). Specifically, the statute states: "The prosecuting attorney may establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again." R.C. 2935.36(A). Thus, "[t]he legislature vested the prosecuting attorney with discretion regarding the determination of whether to prosecute an individual who might be eligible for the diversionary programs." *Curry* at 116, citing *Cleveland v. Mosquito*, 10 Ohio App.3d 239, 240, 461 N.E.2d 924 (8th Dist.1983). Further, R.C. 2935.36(D) "appears to condition the court's right to dismiss the charges on a recommendation by the prosecutor." *Id.* at 117, citing *Ontario v. Shoenfelt*, 5th Dist. Richland No. CA 2302, 1985 WL 8284 (July 30, 1985) ("[T]he constitutional principle of separation of powers places the authority to decide whether to proceed with criminal prosecution exclusively within the power of the prosecuting attorney.").

**{¶ 15}** Here, the prosecutor never recommended to dismiss the charges against Sullivan-Eason because Sullivan-Eason only completed approximately one week of the one-year diversion program. Rather than receiving the recommendation of the prosecutor, the trial court based its decision upon the recommendation of the Adult Probation Department. But the recommendation of the Adult Probation Department is

8.

not sufficient under the plain language of R.C. 2935.36(D), which provides that "the court, *upon the recommendation of the prosecuting attorney*, shall dismiss the charges." (Emphasis added.). *See State v. Battersby*, 11th Dist. Lake No. 2007-L-023, 2008-Ohio-836, ¶ 27 (defendant's agreement with his probation officer to make a donation in lieu of community service hours did not establish his completion of the diversion program because the agreement "was not made with a *prosecuting attorney* or *court approval*." (Emphasis sic.)). Therefore, the trial court's dismissal of the indictment under R.C. 2935.36 without the recommendation of the prosecutor was unreasonable and constituted an abuse of discretion.

{¶ 16} Moreover, even if the trial court's dismissal of the indictment was pursuant to its general authority under Crim.R. 48(B), the manner in which the trial court exercised that authority in this case constituted an abuse of discretion.

{¶ 17} In *Huron v. Slauterbeck*, 2015-Ohio-5022, 53 N.E.3d 837, ¶ 8 (6th Dist.), this court examined Crim.R. 48(B), and noted that "[t]he language expressly authorizing a trial court dismissal of a pending criminal complaint such as the one underlying this case incorporates language clearly envisioning the awareness and participation of the state in the dismissal process." In that case, the trial court, on its own initiative and outside the presence of the parties, reviewed a video recording of the alleged traffic offense prior to the defendant's arraignment. *Id.* at ¶ 5. Thereafter, at the arraignment, the trial court sua sponte dismissed the case, noting that the video showed the offense

"obviously" did not involve the defendant's car. *Id.* However, the prosecution "was not notified that the matter was potentially being dismissed at that time, was not present when it occurred, and lacked an opportunity to consider objecting prior to the dismissal." *Id.* On appeal, this court reversed the trial court's dismissal of the offense, reasoning that "Crim.R. 48 caselaw reflects judicial recognition that in order for a trial court's Crim.R. 48 discretionary dismissal power to be properly exercised a hearing must be conducted which enables the state to have an opportunity to make an objection on the record in anticipation of potential subsequent appellate review." *Id.* at ¶ 10, citing *State v. Montiel*, 185 Ohio App.3d 362, 2009-Ohio-6589, 924 N.E.2d 375, ¶ 22 (2d Dist.) (Grady. J., concurring).

{¶ 18} In its first assignment of error, the state argues that similar to *Slauterbeck*, the trial court did not afford the state an opportunity to object on the record prior to the dismissal when the trial court granted Sullivan-Eason's motion only five days after it was filed. Sullivan-Eason responds that the trial court was open about its plan to dismiss the matter once Sullivan-Eason had paid the court costs, and the state did not object when the trial court announced this plan at the plea hearing.

{¶ 19} Contrary to Sullivan-Eason's position, the trial court's stated plan was that it would "entertain" a motion to terminate the diversion program, and that Sullivan-Eason "*can* be terminated from the diversion program" once he paid the court costs. (Emphasis added.) As such, the trial court's statement to Sullivan-Eason contemplated a future

10.

decision on whether to terminate the diversion program and dismiss the indictment. Crim.R. 48(B) requires an opportunity for the state to object prior to that decision, but the trial court granted the motion only five days after it was filed, before the state had a chance to respond. We hold, therefore, that the trial court abused its discretion in dismissing the indictment without affording the state an opportunity to object. *Slauterbeck* at ¶ 13; *State v. Myrick*, 3d Dist. Union No. 14-19-27, 2020-Ohio-974, ¶ 8 (trial court abused its discretion when it dismissed domestic violence charge pursuant to Crim.R. 48(B) without providing the state an opportunity to object to the dismissal or provide an argument in opposition to the dismissal).

{¶ 20} As an ancillary matter, the state recognizes a difference amongst the appellate courts regarding whether the trial court is required to hold a hearing before dismissing a case under Crim.R. 48(B). In *Slauterbeck*, this court stated that such a hearing was required, quoting the concurring opinion in the Second District's decision in *Montiel*:

> Crim.R. 48(B) authorizes the court to dismiss an indictment, but provides that if the court does so over the state's objection the court 'shall state on the record its findings of fact and reasons for the dismissal.' That requirement contemplates an evidentiary hearing from which findings of fact may be made, and which is necessary for subsequent appellate review

of any error assigned by the state regarding an objection by the state that

the court overruled."

*Montiel* at ¶ 22 (Grady, J., concurring). *See also State v. Sanders*, 2013-Ohio-5220, 3 N.E.3d 749, ¶ 21 (7th Dist.). However, the Eighth District in *State v. Carabello*, 2017-Ohio-4449, 93 N.E.3d 322, ¶ 11, held that "Crim.R. 48(B) does not require the trial court to hold a hearing when it dismisses a case over the state's objection—the rule only requires the court to state its findings of fact and reasons for the dismissal on the record. Thus, even if the trial court did not hold a hearing, * * * the court's failure to do so does not constitute reversible error." The Third District in *Myrick* recognized this difference amongst the courts, but declined to hold that a dismissal hearing was required in all cases. *Myrick* at ¶ 8. Instead, the court in *Myrick* held that the trial court abused its discretion when it dismissed a domestic violence charge on its own motion and without notice to the parties because it did not provide the prosecution an opportunity to object or to provide an argument in opposition to dismissal. *Id.* Like *Myrick*, we need not revisit whether the trial court was required to hold a hearing before it dismissed this case, because here the trial court's quick action on Sullivan-Eason's motion did not afford the prosecution either an opportunity to object or to provide an argument in opposition.

{¶ 21} In his appellate brief, Sullivan-Eason argues that the matter is moot because jeopardy has attached and the state cannot re-indict him in any event. We note that although Sullivan-Eason invokes mootness, his argument is that any further

12.

prosecution by the state at this point would be a violation of his constitutional right against double jeopardy. Here, Sullivan-Eason contends that jeopardy attached because his plea was accepted and a finding was made that entailed "a resolution of any factual elements that went to the merits of the charges." *State v. Soto*, 158 Ohio St.3d 44, 2019-Ohio-4430, 139 N.E.3d 889, ¶ 15, quoting *United States v. Dionisio*, 503 F.3d 78, 89 (2d Cir.2007). Additionally, Sullivan-Eason argues that the case was resolved with the trial court's imposition of sanctions in the form of the gun forfeiture and payment of court costs. However, contrary to Sullivan-Eason's assertion, the trial court expressly withheld any finding of guilt pending Sullivan-Eason's completion of the pre-trial diversion program. Furthermore, the agreed-upon gun forfeiture and payment of court costs were only two parts of the diversion program. Thus, we hold that this case has not been resolved such that jeopardy has attached, and therefore the constitutional prohibition against double jeopardy does not bar further proceedings in this case on remand.

{¶ 22} In sum, the trial court abused its discretion when it dismissed the indictment against Sullivan-Eason without a recommendation from the prosecutor of successful completion of the pre-trial diversion program and without affording the state an opportunity to object or provide an argument in opposition to the dismissal. Accordingly, the state's first and second assignments of error are well-taken.

13.

## IV. Conclusion

{¶ 23} For the foregoing reasons, we reverse the judgment of the Erie County Court of Common Pleas, which dismissed with prejudice the indictment against Sullivan-Eason. We remand this matter to the trial court for further proceedings consistent with this decision. Sullivan-Eason is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.      _____
                  JUDGE
Myron C. Duhart, P.J.

Charles E. Sulek, J.      _____
CONCUR.               JUDGE

              _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.