[Cite as *State v. Reichert*, 2025-Ohio-2965.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

AARON P. REICHERT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0011

---

Criminal Appeal from the
Belmont County Court, Eastern Division,
Belmont County, Ohio
Case No. 24 CRB 254

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Andrew S. Lock*, Green Haines Sgambati Co., L.P.A., for Defendant-Appellant.

Dated: August 19, 2025

**HANNI, J.**

{¶1}   Defendant-Appellant, Aaron P. Reichert, appeals from a Belmont County Court, Eastern Division, judgment finding that he failed to comply with a pre-trial diversion program and sentencing him to 180 days in jail, with 120 days suspended, credit for 60 days served, two years of probation, and a fine.  Appellant contends that the trial court improperly removed him from the diversion program and his counsel rendered ineffective assistance by failing to object to this at the sentencing hearing.

{¶2}   The State agrees, explaining that it recommended that the court find that Appellant successfully completed the diversion program.  The State asserts that R.C. 2935.36(D) required the court to follow its recommendation.  The State requests that we reverse the court's sentencing entry, vacate Appellant's sentence, and remand the case for the trial court to dismiss the charge to which Appellant pled guilty.

{¶3}   We agree with the State.  Therefore, we reverse the trial court's judgment entry and remand this case for the trial court to vacate the child endangering conviction.  R.C. 2935.36(D) states that the court "shall" dismiss the charges if the defendant satisfactorily completes the diversion program and the prosecution recommends dismissal.  R.C. 2935.36(D).

{¶4}   On May 13, 2024, Appellant was charged with first-degree misdemeanor child endangering in violation of R.C. 2919.22(A) and fourth-degree disorderly conduct in violation of R.C. 2917.11(A)(2).  The charges stem from an incident that occurred on May 11, 2024 when Appellant and his 11-year-old son were staying at a hotel in St. Clairsville, Ohio after attending a wrestling tournament.  Apparently, Appellant broke a window in the hotel and called the front desk to report that someone had broken the window.  A deputy sheriff investigated the incident, and after speaking to Appellant's son and observing the room, determined that Appellant broke the window.  Appellant denied the allegation.  The deputy also determined that Appellant was under the influence of alcohol, so he arrested Appellant and took him to jail.

{¶5}   On May 13, 2024, the court granted Appellant bond and scheduled the next hearing date fairly quickly because it had placed a no-contact order on Appellant preventing him from seeing his son.  Appellant shared custody of his son with his ex-wife

and had visitation every other weekend.  They reside in Pennsylvania and live five hours away from the court.

{¶6}  At the May 23, 2024 hearing, defense counsel informed the court that Appellant wished to pursue the prosecution's offer of pre-trial diversion.  The prosecution outlined the program and requested a continuance to look into matters.  The court continued the hearing and maintained the no-contact order.

{¶7}  After another continuance, the court scheduled Appellant's plea hearing for August 1, 2024.  Unfortunately, Appellant had gotten into a car accident in Pennsylvania while driving to the hearing and failed to appear.  The court issued a bench warrant and revoked his bond because it was unaware of the accident.  Pennsylvania authorities arrested Appellant on the warrant from Belmont County.  Appellant waived extradition, but was jailed on the warrant and not released to Belmont County until October 2024.

{¶8}  On November 21, 2024, the court held a hearing and Appellant pled guilty to child endangering.  The court dismissed the disorderly conduct charge and ordered Appellant into the diversion program.  The court scheduled a hearing for February 27, 2025 and stated in its judgment entry that if Appellant abided with the certain conditions, he could withdraw his guilty plea and have the child endangering charge dismissed.  The conditions were that Appellant:  prepay court costs; had good behavior and no law violations; did not consume alcohol, marijuana, or other drugs; underwent a drug and alcohol evaluation and participate in counseling if recommended; and participate in community service.  The entry concluded that if Appellant failed to comply with all of the conditions, the court would terminate the plea agreement and sentence Appellant on the child endangering charge.

{¶9}  On February 27, 2025, the court held the hearing.  The hearing transcript indicates that Appellant admitted to using marijuana.  (Feb. 27, 2025 Tr., 2).  Appellant was drug tested and tested positive for THC.  (Feb. 27, 2025 Tr., 2).

{¶10} The court asked the prosecution's position on sentencing.  (Feb. 27, 2025 Tr., 2).  The prosecution recommended that the court find that Appellant successfully completed the diversion program.  (Feb. 27, 2025 Tr., 2).  The court responded that Appellant had not successfully completed the program.  (Feb. 27, 2025 Tr., 2).  The

prosecution stated that it was "fine with a purely probationary sentence." (Feb. 27, 2025 Tr., 2-3).

{¶11} Defense counsel responded, "I just want to make this clear. So, he hasn't completed diversion because of the medical marijuana use?" (Feb. 27, 2025 Tr., 3). The court answered, "Correct." (Feb. 27, 2025 Tr., 3). Defense counsel then requested a non-probation sentence, asserting that outside of his medical marijuana use, Appellant had no violation of the diversion conditions. (Feb. 27, 2025 Tr., 3).

{¶12} When the court asked if Appellant wished to speak, Appellant stated that he had not seen his child since May 13, 2024 because of the no-contact order. (Feb. 27, 2025 Tr., 3). He explained that as a result of the instant case, his ex-wife filed a protection from abuse motion and he could not attend the hearing on that motion since he was in jail on the court's arrest warrant in this case. (Feb. 27, 2025 Tr., 5).

{¶13} The trial court sentenced Appellant to 180 days in jail, with 120 days suspended and 60 days of credit for time served. (Feb. 27, 2025 Tr., 7). The court also sentenced Appellant to two years of probation, imposed a fine, and lifted the no-contact order. (Feb. 27, 2025 Tr., 7).

{¶14} In its sentencing entry, the trial court held that Appellant failed to comply with the diversion program and it terminated the plea agreement. The court indicated that it accepted Appellant's prior guilty plea to child endangering and sentenced Appellant to 180 days in jail, with 120 days suspended and 60 days of credit.

{¶15} On March 27, 2025, Appellant filed a notice of appeal asserting two assignments of error. In his first assignment of error, Appellant asserts:

**The lower court erred by improperly removing Mr. Reichert from the Diversion Program.**

{¶16} Appellant contends that two standards of review apply to the trial court's decision to remove him from the diversion program. He asserts that abuse of discretion applies to the court's decision to remove him from the diversion program for marijuana use when he had a valid medical marijuana license. He asserts that a de novo standard of review applies to the trial court's decision to remove him from the diversion program without the State's consent.

{**¶17**} Appellant cites *State v. Ryan*, 2021-Ohio-4059 (11th Dist.), where the appellate court applied a three-factor test to determine whether the trial court abused its discretion by imposing a community control sanction prohibiting a defendant with a valid medical marijuana card from using marijuana. He acknowledges that the *Ryan* Court affirmed the trial court's termination of community control. However, he cites the appellate court's further holding that its decision "does not preclude a defendant from raising the use of medical marijuana pursuant to the use of a valid medical marijuana card as an affirmative defense under proper circumstances." *Id*. at ¶ 41.

{**¶18**} Appellant also relies on *State v. Lynn*, 2023-Ohio-4429 (5th Dist.), where the appellate court reversed the trial court's judgment denying Lynn's motion to lawfully use medical marijuana while serving a community control sentence. Appellant explains that the appellate court applied the three-factor test from *Ryan*, noted that Lynn's underlying conviction was for felonious assault, and reasoned that one should be able to use medical marijuana without fear of prosecution. *Id*. at ¶ 43-55.

{**¶19**} Appellant submits that R.C. 3796.22 prohibits prosecution of one who has a valid medical marijuana license and uses marijuana. He notes that medical marijuana had no relation to his underlying conviction for child endangering. He also contends that nothing in the record showed he had marijuana on his person or in his system when he was arrested. Finally, Appellant asserts that the use of medical marijuana does not relate to criminal conduct and is not reasonably related to future criminality. He submits the court also sentenced him based on a violation by using marijuana without inquiring into whether he had a valid reason for using marijuana or whether he had a medical marijuana license.

{**¶20**} Appellant further asserts that the trial court's termination of his plea agreement and its sentence were contrary to law because the court lacked the State's consent. Appellant cites R.C. 2935.36 and numerous Ohio cases holding that under R.C. 2935.36, the legislature gave the prosecution the authority to determine whether to prosecute a person who may be eligible for the diversion program.

{**¶21**} Appellee agrees it recommended that the court find that Appellant successfully completed the diversion program. Appellee asserts that R.C. 2935.36 vests

the prosecution with the authority to prosecute and a court may not take away that authority without the prosecution's consent.

**{¶22}** Accordingly, Appellee submits that we should reverse the trial court's February 27, 2025 judgment entry, vacate Appellant's sentence, and remand the case for the trial court to dismiss the charge against Appellant.

**{¶23}** Appellant's first assignment of error has merit. R.C. 2935.36 vests authority in the prosecution for the pre-trial diversion program. R.C. 2935.36(A) provides that the prosecution may establish a pre-trial diversion program. R.C. 2935.36(D) provides in relevant part:

> (D) If the accused satisfactorily completes the diversion program, the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, *and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges*.

(Emphasis added).

**{¶24}** A number of Ohio courts have held that because the legislature vested the prosecutor with authority to establish a pre-trial diversion program, a trial court violates the separation of powers doctrine "when it "'[takes] the administrative and executive decision of whether to prosecute [a] defendant away from the prosecuting attorney and terminate[s] the criminal prosecution without the consent of the prosecutor." *State v. Curry*, 134 Ohio App.3d 113, 118 (9th Dist.1999).

**{¶25}** In *Curry*, the appellate court held that a trial court violated the separation of powers doctrine by finding that the defendant successfully completed a pre-trial diversion program, vacated his guilty plea, and dismissed charges against him without any recommendation or consent by the prosecution. *Id.* The appellate court held that only the prosecution had the authority to determine if the defendant should be prosecuted and the trial court erred by terminating the prosecution without the prosecutor's consent. *Id.* at 118, citing R.C. 2935.36(D); *Ontario v. Shoenfelt*, 1985 WL 8284 (5th Dist. July 30, 1985).

**{¶26}** In *State v. Dopart*, 2014-Ohio-2901, ¶ 9 (9th Dist.), the trial court created its own diversion program, entered Dopart into the program, found that he successfully

completed its program, and dismissed the charges against him. The State appealed, asserting that the trial court erred in creating its own diversion program and violated the separation of powers doctrine by establishing the program, finding that Dopart successfully completed its program, and dismissing his indictment. *Id*. at ¶ 3-4.

**{¶27}** The Ninth District Court of Appeals agreed with the prosecution, holding that Ohio law has given the authority to the prosecutor to create a pre-trial diversion under R.C. 2935.36. *Id.* at ¶ 6. The appellate court found that the legislature gave no such authority to the courts and the trial court thus acted without authority by creating its own diversion program. *Id.* at ¶ 8. The appellate court further held that the trial court usurped the prosecution's authority under R.C. 2935.36 by establishing the program, finding Dopart successfully completed the program, and dismissing the indictment without the prosecution's consent. *Id.* at ¶ 9-10. The appellate court held:

> "a trial court violates the constitutional concept of separation of powers when it '[takes] the administrative and executive decision of whether to prosecute [a] defendant away from the prosecuting attorney and terminate[s] the criminal prosecution without the consent of the prosecutor.'" *State v. Curry*, 134 Ohio App.3d 113, 118 (9th Dist.1999).

*Id.* at ¶ 9.

**{¶28}** The *Dopart* Court recognized the Fifth District Court of Appeals' holding in *Ontario v. Shoenfelt*, 1985 WL 8284 (5th Dist. July 30, 1985), that the trial court "merely performs an administrative function" in a pre-trial diversion program established under R.C. 2935.36. The *Dopart* Court further noted the Fifth District's conclusion that "to cross over the line and determine successful completion at termination would blur the line between the judicial and executive branches." *Dopart* at ¶ 9, quoting *State v. Goodman*, 2009-Ohio-979, ¶ 20 (5th Dist.).

**{¶29}** The Sixth District Court of Appeals also held in *State v. Sullivan-Eason*, 2023-Ohio-862 (6th Dist.), that the trial court abused its discretion in dismissing an indictment under R.C. 2935.36 based upon a recommendation by the Adult Probation Department that the defendant successfully completed a pre-trial diversion program. The appellate court found that plain language of the statute rendered the recommendation of

the Adult Probation Department insufficient as the legislature vested the prosecution with such authority. *Id.*

**{¶30}** Based on R.C. 2935.36, Ohio caselaw, and Appellee's concession, Appellant's assignment of error is meritorious.

**{¶31}** As an aside, Appellant correctly notes that a few Ohio appellate courts have addressed whether a trial court may impose a prohibition against marijuana use when the defendant has a valid medical marijuana card. In *Lynn*, 2023-Ohio-4429, at ¶ 25 (5th Dist.), the appellate court reviewed the trial court's prohibition of marijuana use on the defendant as a community control condition when the defendant possessed a medical marijuana card.

**{¶32}** The court applied a three-factor test outlined by the Ohio Supreme Court to determine whether the trial court abused its discretion in imposing the condition. *Id.* at ¶ 23, quoting *State v. Jones*, 49 Ohio St.3d 51, 53 (1990). The three factors are: "'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Lynn* at ¶ 23, quoting *Jones* at 53.

**{¶33}** The *Lynn* Court comprehensively outlined the medical marijuana law in Ohio and noted that R.C. 3796.22 mandated that a person holding a valid medical marijuana card shall not be subject to arrest or prosecution for using medical marijuana. *Id*. at ¶ 38 (citations omitted). The court also discussed numerous cases outside of Ohio that have held that probation terms imposing such use were unenforceable, as well as other cases providing that use of medical marijuana could be restricted as a condition if the conviction bore a logical relationship to the drug use. *Id*. at ¶ 40-41.

**{¶34}** The *Lynn* Court noted that Lynn possessed a valid medical marijuana card and had not violated the act establishing the medical marijuana card since obtaining the card. *Id*. at ¶ 43. The Court held that "a person's use of medical marijuana that otherwise complies with the terms of the law is not illegal." *Id*. Quoting a California case, the *Lynn* Court held that "[a] rehabilitative purpose is not served when the probation condition proscribes the lawful use of marijuana for medical purposes pursuant to section 11362.5 any more than it is served by the lawful use of a prescription drug." *Id*. at ¶ 45, quoting

*People v. Tilehkooh*, 113 Cal.App.4th 1433, 1444 (2003). The *Lynn* Court thus found that the condition banning the use of medical marijuana was not reasonably related to rehabilitating the defendant. *Id.*

**{¶35}** As to whether the condition of a marijuana ban had some relationship to the underlying crime, the *Lynn* Court reviewed Ohio cases finding that a trial court has discretion to impose such a condition, even if marijuana was legalized, when a clear relationship exists between the underlying crime and the drug. *Lynn,* 2023-Ohio-4429, at ¶ 47-48 (5th Dist.) (citations omitted). The court noted that Lynn's conviction was for felonious assault and the record failed to show that drugs or alcohol were related to that offense. *Id*. at ¶ 49. Thus, the appellate court found that the condition of refraining from use of marijuana bore no relationship to Lynn's underlying crimes. *Id*. at 50.

**{¶36}** The appellate court then explored whether the condition of not using medical marijuana related to criminal conduct or reasonably related to future criminality and served the statutory ends of probation. *Id.* at ¶ 51. The appellate court found that the Ohio Legislature allowed citizens to use and possess medical marijuana and established that no person using medical marijuana could be arrested or prosecuted for its use and possession. *Id*. The court further found that an absolute ban on using drugs and not making exceptions for medical marijuana did not reasonably serve the ends of community control. *Id*. at ¶ 52.

**{¶37}** The appellate court concluded that the trial court abused its discretion by imposing an absolute ban on Lynn's use of medical marijuana as a community control sanction. *Id.* at ¶ 54. However, the appellate court acknowledged that a trial court could impose a ban on using recreational marijuana, and could impose a condition prohibiting the abuse of medical marijuana after inquiring into such use. *Id.* at ¶ 53.

**{¶38}** In *State v. Smith*, 2024-Ohio-2854, ¶ 6-7 (12th Dist.), the Twelfth District Court of Appeals affirmed a trial court's revocation of the defendant's community control after he violated the court's specific condition that he not use marijuana even though he had a medical marijuana card. The record indicated that mental health professionals found that the defendant's use of marijuana exacerbated his mental health conditions. *Id.* at ¶ 22. The defendant argued that his holding of a valid medical marijuana card provided an affirmative defense to his community control violation. *Id*. at ¶ 14.

{¶39} The appellate court found that a clear relationship existed between the defendant's marijuana use and his criminal behavior. *Id*. at ¶ 24. The court further found that restricting the defendant's marijuana use was reasonable in deterring his reoffending conduct. *Id*. The court thus concluded that the defendant's possession of a medical marijuana card did not bar the trial court from imposing a community control condition that the defendant refrain from using marijuana. *Id.*

{¶40} In *Ryan*, 2021-Ohio-4059, ¶ 4, 12-14 (11th Dist.), the Eleventh District affirmed a trial court's revocation of community control after Ryan used his medical marijuana card five times at a dispensary while he was under a court order not to use marijuana. *Id.* at ¶ 2. Ryan asserted that the trial court erred by imposing this condition because it violated Ohio's medical marijuana program. *Id*. at ¶ 3.

{¶41} The appellate court held that the trial court did not abuse its discretion because Ryan agreed to this as a condition of his community control. *Id*. at ¶ 40. The court further held that Ryan admitted to the violation, failed to submit a valid medical marijuana card into evidence or prove that marijuana was a medical necessity for him. *Id.* at ¶ 4. The appellate court held that while Ryan did not test positive for marijuana, his five visits to dispensaries violated his community control and showed that he was either stockpiling it for his own use, or was going to sell it. *Id.* His underlying convictions were for drug trafficking and aggravated drug possession. *Id*. at ¶ 7.

{¶42} The *Ryan* Court found that the condition of not using or having marijuana in his possession was reasonably related to Ryan's rehabilitation, it had a relationship to his underlying drug offenses, and it related to criminal conduct or related to future criminality and served the ends of probation. *Id.* at ¶ 30. The appellate court reviewed prior cases concerning whether a trial court possesses discretion to prohibit medical marijuana as a community control condition. *Id*. at ¶ 31.

{¶43} The appellate court acknowledged that a defendant could raise the issue of a valid medical marijuana card as an affirmative defense to a community control sanction. *Id.* at ¶ 41. However, it held that its case was not the case "where the intersection of law and medicine has been presented and can be addressed" due to Ryan's agreement to the condition, the meeting of the three-factor test, his admission that he violated

community control, and his failure to present evidence of a valid medical marijuana card and medical necessity for using marijuana. *Id*. at ¶ 41.

**{¶44}** Ohio cases differ as to whether a valid medical marijuana card could be used as an affirmative defense to violating a community control sanction. However, we need not reach this issue because the trial court erred by finding, contrary to the prosecution's recommendation, that Appellant had not successfully completed the prosecution's pre-trial diversion program. Moreover, the transcript shows that no discussion occurred concerning Appellant having a medical marijuana card.

**{¶45}** Accordingly, we reverse the trial court's judgment and remand this case to the trial court to vacate Appellant's conviction.

**{¶46}** In his second assignment of error, Appellant asserts:

**Trial counsel rendered ineffective assistance of counsel at the sentencing hearing.**

**{¶47}** Since we reverse the trial court's judgment and remand the case for the trial court to vacate Appellant's conviction, Appellant's second assignment of error is rendered moot.

Robb, P.J., concurs.

Dickey, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the first assignment of error is sustained and the second assignment of error is moot.  It is the final judgment and order of this Court that the judgment of the Belmont County Court, Eastern Division, Belmont County, Ohio, is reversed.  We hereby remand this matter to the trial court to vacate Appellant's conviction and for further proceedings according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**